## UNITED STATES *v.* CORSON.

APPEAL FROM THE COURT OF CLAIMS.

Submitted April 22, 1885.—Decided May 4, 1885.

An officer of volunteers, in the army, dismissed from the service during the recent civil war, by order of the President, could not be restored to his position merely by a subsequent revocation of that order.

The vacancy so created could only be filled by a new appointment, by and with the advice and consent of the Senate; unless it occurred in the recess of that body, in which case the President could have granted a commission to expire at the end of its next succeeding session.

The facts which make the case are stated in the opinion of the court.

*Mr. Solicitor General* for appellant.

No appearance for appellee.

MR. JUSTICE HARLAN delivered the opinion of the court.

This is an appeal from a judgment of the Court of Claims in favor of appellee for the sum of $538; $328 of which represents his claim for pay as a captain and assistant quartermaster of volunteers from March 27, 1865, to June 9, 1865, and $210, his claim for pay allowed by the acts of March 3, 1865, ch. 81,

§ 4, 13 Stat. 497, and July 16, 1866, ch. 181, 14 Stat. 94; the first of which acts provides that all officers of volunteers in commission, at its date, below the rank of brigadier-general, who should continue in the military service to the close of the war, should be entitled to receive, upon being mustered out of the service, three months' pay proper; and the last of which extended the provisions of the first act to all officers of volunteers below the rank of brigadier-general, who were in the service on March 3, 1865, and whose resignations were presented and accepted, or who were mustered out at their own request, or otherwise honorably discharged from the service after the 9th of April, 1865.

The facts are: Appellee enlisted as a private soldier in the military service of the United States in August, 1861. Having been promoted from time to time, he was commissioned prior to March 27, 1865, as captain and assistant quartermaster of volunteers. His service was continuous from August, 1861, to March 27, 1865, on which day he was, by order of President Lincoln, dismissed the service. But, on June 9, 1865, an order was issued by President Johnson revoking the order of dismissal, and restoring him to his former position. By an order issued from the War Department under date of June 19, 1865, he was assigned to duty as division quartermaster of the 1st Division, 1st Army Corps, with the temporary rank, pay, and emoluments of major in the Quartermaster's Department under the act of July 4, 1864. He held the latter position until October 7, 1865, when he was honorably mustered out of the service of the United States.

It does not appear that there was any attempt, between March 27, 1865, and June 9, 1865, to fill the vacancy by another appointment.

In *Blake* v. *United States*, 103 U. S. 227, 231, it was said that "from the organization of the government, under the present Constitution, to the commencement of the recent war for the suppression of the rebellion, the power of the President, in the absence of statutory regulations, to dismiss from the service an officer of the army or navy was not questioned in any adjudged case, or by any department of the government."

See also *McElrath* v. *United States*, 102 U. S. 426; *Keyes* v. *United States*, 109 U. S. 336, 339. But § 17 of the act of July 27, 1862, ch. 200, 12 Stat. 596, authorized and requested the President to dismiss and discharge from the military service, either in the army, navy, marine corps, or volunteer force, any officer for any cause which, in his judgment, either rendered such officer unsuitable for, or whose dismission would promote, the public service. In accordance with these decisions, it must be held that that act, if not simply declaratory of the long established law, invested the President with authority to make the order of March 27, 1865, dismissing appellee from the service of the United States. No restriction or limitation was imposed upon his authority, in that regard, until the passage of the act of July 13, 1866, ch. 176, 14 Stat. 92, repealing the seventeenth section of the act of July 17, 1862, and by which, also, it was declared that " no officer in the military or naval service shall, in time of peace, be dismissed from the service, except upon and in pursuance of a sentence of a court-martial to that effect, or in commutation thereof." That act did not go into effective operation, throughout the whole of the United States, until August 20, 1866; for, not until that day, was the war against the rebellion recognized by the President and Congress as having finally ceased in every part of the Union. *McElrath* v. *United States*, 102 U. S. 426, 438.

In view of these adjudications, it is not to be doubted that the effect of the order of March 27, 1865, dismissing appellee from the service, was to sever his relations with the army. Thenceforward and until, in some lawful way, again appointed, he was disconnected from that branch of the public service as completely as if he had never been an officer of the army. So that his right to pay as captain and assistant quartermaster of volunteers, from the date of his dismissal from the service by President Lincoln to the date of the order of President Johnson, depends entirely upon the question whether an officer of the army, once lawfully dismissed from the service, can regain his position and become entitled to its emoluments by means of a subsequent order revoking the order of dismissal and restoring him to his former position.

This question must be answered in the negative upon the authority of *Mimmack* v. *United States*, 97 U. S. 426. The death of the incumbent could not more certainly have made a vacancy than was created by President Lincoln's order of dismissal from the service. And such vacancy could only have been filled by a new and original appointment, to which, by the Constitution, the advice and consent of the Senate were necessary; unless the vacancy occurred in the recess of that body, in which case, the President could have granted a commission to expire at the end of its next succeeding session. Const. Art. II. Section 2.

It results that, as the appellee was dismissed from the army during the recent war by a valid order of the President, and as he was not reappointed in the mode prescribed by law, he was not entitled, as an officer of the army, to the pay allowed by statute for the period in question.

*The judgment is reversed and the cause remanded, with directions to dismiss the petition.*