Richardson, Ch. J.,
delivered the opinion of the court:
In the case of Leopold v. The United States (18 C. Cls. R., 546) this court held that cadet-engineers who had finished their four years’ course at the Naval Academy, passed their final academic examinations, and received their diplomas before the passage of the act of August 5, 1882 (22 Stat. L., 285), became graduates and were not made naval cadets; that they are entitled to the pay provided by Be vised Statutes, section 1556, p. 268, for cadet-engineers after final academic examination and until warranted as assistant engineers, and that the provisions in said act of 1882 for the discharge of surplus naval-cadet graduates was prospective only, and not applicable to the classes of 1881 and 1882.
A motion for a new trial was made, and upon that motion the whole case was reargued and thoroughly considered. The *442 court unanimously reaffirmed its former decision and overruled the motion.
No appeal was taken, and the judgment of the court stands.
Again, at the present term, the same questions were raised, argued, and reconsidered in Redgrave’s Case (ante, p. 226), and the same conclusions were unanimously reached by the court.
The present case, on principle, is precisely like those we have thus decided, and is ruled by them except in one particular, which alone was argued at the trial, and which we are now to pass upon.
The claimant received the notice and made the reply, which are as follows:
“ Navy Department,
“ Washington, June 26, 1883.
“ Sir : Having successfully completed your six years’ course at the United States Naval Academy, and having been given a certificate of graduation by the Academic Hoard, but not being required to fill any vacancy in the naval service happening during the year preceding yonr graduation, you are hereby honorably discharged from the 30th of June, 1883, with one year’s sea-pay as prescribed by law for cadet-midshipmen, in accordance with the provisions of the act of Congress approved August 5, 1882.
“ Respectfully,
“ Wm. B. Chandler,

“ Secretary of the Navy.

11 Naval Cadet L. B. Perkins,

u United States Navy, Annapolis, Md.n

“ Hartford, Conn., July 3,1883.
“ Sir : I have the honor to acknowledge the receipt of the communication addressed to me, dated Washington, June 26, 1883, advising me of my discharge from the naval service by reason of the act of August 5, 1882.
“ As the provisions of that act authorize the discharge of no one but naval cadets, and as I graduated in 1881 as cadet-engineer, and the Court of Claims has unanimously held that we are not affected by those provisions, I am obliged to believe that my discharge is in error of law, and hence without force or effect.
“ If this be true, I am legally in the naval service, and have no right to a year’s pay now tendered me as naval cadet. For the time being, therefore, I respectfully decline to receive the said pay, without in any way waiving my right to claim it if the decision of the Court of Claims should be reversed, or if it shall otherwise appear that I am legally discharged.
*443 “ In so doing I mean no disrespect to tlie department, but as a citizen and public servant I feel bound to respect the law as construed by the courts of law.
“ Yery respectfully, your obedient servant,
“ Lyman B. Perkins,
“ Naval Cadet, United States Navy.
“Hon. W. E. Chandler,
“ Secretary of the Navy, Washington, D. C.”
On the part of the defendants it is contended that although the Secretary of the Navy in the notice of honorable discharge assigned as areason for it that he acted under authority of the act of August 5,1882, which this court has decided did not confer such authority, still, if the Secretary otherwise had the right to discharge the claimant, the order of discharge is not vitiated by a wrong recital of power, but is valid and effectual. There is some authority for this position (Kaufman’s Case, 11 C. Cls. R., 668, 669; Wright’s Case, 15 C. Cls. R., 90), but without passing upon it definitely we will proceed to consider whether, under any other authority, the Secretary had the right thus to discharge the claimant.
In support of such authority it is urged that as cadet-engineers are appointed by the Secretary of the Navy under the provisions of Revised Statutes, section 1523, they may be removed by him arbitrarily under an implied power incident to the right to appoint. (Ex parte Hennen, 13 Peters, 256; Keyes v. The United States, 109 U. S. R., 336; Blake v. The United States, 103 U. S. R., 227; Ware v. United States, 4 Wall., 362; Corson v. United States, 114 U. S. R., 619; Avery v. Tyringham, 3 Mass., 177; 4 Opins. Att’y-Gen., 603; 5 Opins., 288; 9 Opins., 313; 10 Opin., 204.)
In 1807 it was held by the supreme judicial court of Massachusetts, Chief Justice Parsens delivering the opinion, that “ it is a general rule that an office is holden at the will of either party unless a different tenure be expressed in the appointment, or is implied by the nature of. the office, or results from ancient usage.”
In ex parte Hennen (13 Peters, 259), the leading case on the subject in the Supreme Court of the United States, decided in 1839, the court say : “ In the absence of all constitutional provision or statutory regulation, it would seem to be a sound and necessary rule to consider the power of removal as incident to the power of appointment.”
*444 In curtailment of this implied power of removal as incident to the power of appointment, section 1229 of the Revised Statutes provides that “ no officer in the military or naval service shall, in time of peace, be dismissed from service except upon and in pursuance of the sentence of a court-martial to that effect, or in commutation thereof.’? The claimant was never tried by a court-martial.
To overcome this provision it is urged on the part of the defendants that the claimant, a cadet-engineer after graduation, was not an officer in the naval service.
In this view we cannot concur. That a cadet engineer like the claimant was a graduate and in the naval service we have already decided; that he was an officer is made manifest by the terms of the Constitution, which provides that “Congress may by law vest the appointment of such inferior officers as they think proper in the President alone, in the courts of law, or in the heads of departments.” Congress has by express enactment vested the appointment of cadet-engineers in the Secretary of the Navy, and when thus appointed they become officers and not employés. (United States v. Germaine, 109 U. S. R., 508; Moore v. United States, 95, U. S. R., 760; United States v. Hartwell, 6 Wall., 385.)
It is further urged that this restriction of the power of removal is an infringement upon the constitutional prerogative of the Executive, and so of no force, but absolutely void. Whether or not Congress can restrict the power of removal, incident to the power of appointment, of those officers who are appointed by the President by and with the advice and consent of the Senate, under the authority of the Constitution, article 2, section 2, does not arise in this case and need not be considered.
We have no doubt that when Congress, by law, vests the appointment of inferior officers in the heads of departments, it may limit and restrict the power of removal as it deems best for the public interest. The constitutional authority in Congress to thus vest the appointment implies authority to limit, restrict, and regulate the removal by such laws as Congress may enact in relation to the officers so appointed.
The head of a department has no constitutional prerogative of appointment to offices independently of the legislation of *445 Congress, and by such legislation be must be governed, not only in making appointments, but in all that is incident thereto.
It follows that as the claimant was not found deficient at any examination, and was not dismissed for misconduct under the provisions of Revised Statutes, section 1525, nor upon and in pursuance of the sentence of a court-martial to that effect or in commutation thereof, according to Revised Statutes, section 1229, he is still in office and is entitled to the pay attached to the same-
judgment will be entered in favor of the claimant for $100.
Nott, J., did not sit in this case and took no part in the decision.