Weldon, J.,
delivered the opinion of the court:
In this suit, the petitioner claims the sum of $2,252.09, for the increased pay of decedent, as, an assistant engineer in the Navy, from the 5 th of December, Í881, to the time of his death, in August, 1885.
The facts are briefly as follows : On the 1st of October, 1874, the decedent was appointed a cadet engineer in the Navy, and completed his course of instruction at the Academy on the 10th day of June, 1879. On the 5th day of July, 1879, he reported for duty on board the ship Marion, on which he served until June 25, 1882, when he was detached and ordered home because *272 of physical disability. He was granted sick leave from time to-time, until the 19th of April, 1884, when he was notified that he must either resign, or report for preliminary examination for promotion. He did not report for examination, but on the 26th of April, 1884, wrote the Department that “ it is my intention to report, and I respectfully apply for the same.” To that communication no reply was made, but on the 6th of September, 1884, the Secretary of the Navy wrote to him :
“ Having failed to pass the physical examination for promotion to the grade of assistant engineer, you are hereby dropped from the Navy of the United States, to take effect on the 30th of September, 1884.”
He had no further communication with the Department.
On the 5th of December, 1881, the name of'the decedent, with others, had been sent to the Senate for appointment as assistant engineer, subject to the condition, “ that such of the foregoing as have not been examined for promotion, as required by law, to be subject to 'such examination, and to be reported qualified before receiving their commission;” and on the 20th of September the Senate had advised and consented to the appointment of the persons thus nominated “ agreeably to their-nominations.”
On the 5th day of August, 1885, the said decedent died, having received his pay as cadet engineer until the 30th of September, 1884, at which time he was dropped from the roll, pursuant to the order of the Secretary as stated.
The petition of the claimant alleges, first, that the decedent was entitled to pay as assistant engineer, amounting to the sum of $2,252.09; but if not entitled to such pay, that he was entitled to be paid to the time.of his death as a cadet engineer, having been improperly dropped from the roll, under the order of the 30th of September, 1884.
It is difficult to understand, upon what principle of statutory construction, the first contention of the claimant caD be maintained. Although the decedent was nominated to, and confirmed by the Senate, as an assistant engineer, it was upon the condition that he was to be examined, and found qualified before receiving, his commission. He was never examined, and hence did not receive his commission as an assistant engineer, and never performed the duties of that position. It is- *273 trae, that on the 26th of April, 1884, he replied to the Department that it was his intention to report for examination, and that he applied for the same. No attention was paid to the communication by the Department, although as a matter of right the decedent may have been entitled to an order for examination.
A failure on the part of the Department will not entitle a person to the emoluments of promotion. They are strictissimi juris, and must be recovered, as the result of a substantial compliance with the statute. The pay of an officer in the Navy, is regulated by express law, and unless there is a bold-ing, either as defacto, or dejure, there can be no right to the pay of the position.
The question in this branch of the case is not affected by the provisions of sections 1561 and 1562 of the Ee vised Statutes, nor do the decisions of the Supreme Court, and this court, upon. the rights of officers in the Navy, determine anything in favor of the claimant. As to the second contention of claimant, that the decedent was entitled to pay as a cadet engineer from the 30th of September, 1884, to the 5th of Augnst, 1885, the court is of opinion, that the case in that branch, falls within the law announced by the Supreme Court, in confirmation of this court in the case of Perkins v. United States (116 U. S. R., 483; 20 C. Cls., 438).
In that case it was held that a cadet engineer was an officer of the Navy within the meaning of section 1229, Eevised Statutes, which provides:
li No officer in the military of naval service shall, in time of peace, be dismissed from service, except upon and in pursuance of the sentence of a court-martial to that effect or in commutation thereof.”
Upon the faith of that decision we hold that the claimant is entitled to recover the sum of $598.60, and for that amount a judgment will be entered.