[No. 487.    February 28, 1893.]

GEORGE R. SWALLOW, PLAINTIFF IN ERROR, v. WILLIAM BAIN ET AL., DEFENDANTS IN ERROR.

CONTRACT—COVENANT—BREACH—VALUE OF STOCK—EVIDENCE.—In an action of covenant, for breach, on a contract in writing, under seal, by the terms of which the defendants guarantied that certain corporate stock owned and held by a certain bank was worth forty cents on the dollar, per share, on the amount paid in on each share, and it was provided that, in case they should furnish to the bank within ninety days a statement in writing, signed by the cashier of a certain other bank, that the stock was worth that amount, or satisfied the bank of that fact in any other manner, they were to be released, where the defendants pleaded that they had furnished such statement in writing as required, which it was claimed had been lost, and defendants offered the testimony of the person making it, to prove its contents, who testified that the stock had no market value; that the

writer and others who were officers of the corporation were about to bring suit to recover assets wrongfully in the hands of other parties; that there was a contest ·between certain stockholders; that they would recover the stock; and that the assets would be worth about the par value of the stock; and the testimony for the plaintiff was that the statement contained only a part of that information; that the writer hoped to succeed, and, in that case, expected the stock to be worth what was paid upon it, etc.; and there was evidence that the cashier of the bank to which the required statement was to be sent, admitted that the bank had received a statement, and was satisfied with it, but which he denied—Held: There was no such positive statement furnished, as was required by the contract; and the question whether the statement provided for in the contract had been furnished or not being the sole question put in issue by defendants' plea, testimony as to means used by defendants to satisfy the bank or its officers other than by the statement alleged to have been furnished by the plea, and provided for in the contract, was not material to the issue, and can not be considered. The court therefore erred in refusing to instruct the jury to return a verdict for plaintiff.

ERROR, from a judgment for defendants, to the Fifth Judicial District Court, Socorro County. Judgment reversed.

The facts are stated in the opinion of the court.

W. B. CHILDERS for plaintiff in error.

Parol evidence of the contents of a writing is not admissible if a copy of the writing is in existence. The copy must be produced as the best evidence obtainable. 1 Greenlf. Ev., sec. 84, and note; 1 Whar. Ev., sec. 90, et seq.; Renner v. Bank of Columbia, 9 Wheat. 596; Cornett v. Williams, 20 Wall. 226.

The fact that the letter book was in Texas, the witness having been brought here to testify, makes no difference. Kirchner v. Laughlin, 5 N. M. 369.

The court erred in permitting the witness, over plaintiff's objection, to get the date of his letter from an examination of the letter press copy, made some ten months before he testified, without producing the paper used to refreshen his memory. 1 Greenlf. Ev. 436.

It is the duty of the court to construe all written instruments given in evidence. as a matter of law. U. S. v. Hodge et al., 6 How. 282.

No principle is more clearly settled than that the construction of written evidence is exclusively with the court. Levy v. Godsby, 3 Cranch, 186. See, also, Blivin v. New England Screw Co., 23 How. 420; Sweeney v. Easter, 1 Wall. 172; Bell v. Bruen, 1 How. 169; Brown v. Huger, 21 How. 305.

The interpretation of words of common speech is matter of law. Marvel v. Merrit, 116 U. S. 11; Ward v. United States, 15 Wall. 28.

On the demurrer to the evidence, there being no dispute as to the facts, it was the duty of the court to instruct the jury. Ralls County v. Douglass, 105 U. S. 725; Pleasant v. Fants, 22 Wall. 116; Macon County v. Shires, 98 U. S. 272.

Value, when applied, without qualification, to property of any description, necessarily means the price which it will command in the market. Fox v. Phelps, 17 Wend. 399; Washington Ice Co. v. Webster, 68 Me. 463. See, also, Anderson's and Bouvier's Law Dict., title "Value."

The court can render the proper judgment here, and it would be useless to remand the case for new trial.

WARREN, FERGUSSON & BRUNER for defendants in error.

It is submitted that upon the facts in this case it is unnecessary to reconcile the diversity of practice in regard to the question whether there are different degrees of secondary evidence. 2 Phil. Ev. [4 Am. Ed.] 568; 1 Greenlf. Ev., secs. 84, 582; Winn v. Peterson, 34 U. S., 9 Pet. 663; 2 Rice, Ev. 1008.

McFIE, J.—This was an action of covenant brought to the November term, A. D. 1888, of the district court sitting in the county of Socorro, and the cause was tried before the court and a jury at the October term, A. D. 1889, of said court. The plaintiff, in his declaration, alleged a breach of covenant contained in the following written obligation, under seal:

"This agreement, made on this fifth day of May, 1886, by and between John Bain and Will Bain, of the one part, and the First National Bank of Socorro, all of Socorro, witnesseth that, whereas the said bank has become, and now is, the owner of the following certificates of stock of the Denton Land and Cattle Company of Texas, to wit: One certificate for (175) one hundred and seventy-five shares, number 2; one number 71, for seventy shares; one number 54, for fifteen and forty hundredths shares,—each share of the par value of one hundred dollars each, which stock is now owned and held by said bank. Now, therefore, in consideration that John W. Terry has purchased the interest of said John Bain and Will Bain in said bank, and has assumed certain indebtedness heretofore due by the said John Bain and Will Bain to said bank, we, the said John Bain and Will Bain, do hereby guaranty to said bank that the said stock above described and hereto attached is of the value of forty cents on the dollar, per share, on the amount paid in on each share; and we agree that, if said bank is not satisfied by us within ninety days from date, that said stock is of the value of forty cents on the dollar, as above, then we agree to make the same worth that sum to said bank. If said bank or its officers, within ninety days from this date, are furnished with a statement, in writing, signed by the cashier of the Exchange National Bank at Denton, Texas, that said stock is worth and of the value of forty cents on the dollar, as above pro-

vided, then such statement, when so furnished, shall
be conclusive and sufficient satisfaction to said First
National Bank of the fact that said stock is of the
value of forty cents on the dollar, as herein guarantied,
and such statement, when so furnished, shall operate
as a release and satisfaction of this guaranty, and this
guaranty shall be delivered up and canceled; and it is
agreed that, if said John Bain or Will Bain, or either
of them, shall in any other manner than that above
provided satisfy said bank or its officers, within the
time above provided, that said stock is of the value of
forty cents on the dollar, as above, then this guaranty
shall be delivered up and canceled; and it is agreed
that, if said John Bain and Will Bain shall fail to fur-
nish the evidence to said bank of the value of said
stock in same manner as above provided, then they, or
either, or both of them, shall become and are made
liable under this guaranty to make said stock good to
said bank to the extent of forty cents on the dollar, as
above. Witness our hands and seals, this fourth day
of May, 1886.

"JOHN BAIN,                    [SEAL]
"WILL BAIN,                    [SEAL]
"JOHN W. TERRY, Cash. [SEAL]

"W. H. MOORE, Witness."

In answer to the declaration, the defendants filed
but one plea, which was verified, and is as follows:
"And the said defendants, by Warren & Fergusson,
their attorneys, come and defend the wrong and injury
when, etc., and say that the plaintiff ought not to have
his aforesaid action against them, the defendants,
because they say that they, the defendants, did, within
ninety days from the date of the written instrument on
which said suit is based, satisfy the said bank that said
stock was of the value of forty cents on the dollar, per
share, on the amount paid in on each share, by caus-
ing, within said ninety days, the said bank and its

officers to be furnished with a statement, in writing,. signed by the cashier of the Exchange National Bank at Denton, Texas, that said stock was worth and of the value of forty cents on the dollar, as above, according to the form and effect of the said indenture and written instrument, and of the said covenant by the defendants in that behalf made as aforesaid, and of this the defendants put themselves upon the country," etc. The plaintiff joined issue on this plea. After the testimony was heard, the plaintiff, by his attorney, moved the court to instruct the jury to find for the plaintiff, but the motion was overruled. After the arguments of counsel were heard, and the court had instructed the jury, the jury rendered the following verdict, in favor of the defendants:

"We, the jury, find for the defendants, and believe that, according to the evidence, John W. Terry did receive the letter that Mr. Ponder swore to have written on the twelfth or thirteenth of May. We believe the contract sued on by the First National Bank of Socorro was furnished with statement in writing by Mr. Ponder, of the Exchange National Bank of Denton, Texas. We believe, according to evidence, that said stock was worth forty cents on the dollar, per share, on the amount paid in on each share thereof.

"N. CASTILLO, Foreman."

Motion for new trial was filed, but the same was not disposed of until the May term, A. D. 1891, of said court. In the meantime the county of Socorro, which had been at the time of the trial a part of the Second judicial district, had become attached to the Fifth judicial district, and the motion for a new trial was heard by the judge of the Fifth judicial district, and by him overruled pro forma. The case is in this court on writ of error sued out by the plaintiff below, who seeks a reversal of the cause for alleged errors in the

trial court, to which exceptions were taken at the time, and are preserved in the record.

But one issue was formed by the pleadings in the court below, and the cause was tried upon that theory. The contract provided that "if the bank or its officers, within ninety days from the date of the contract, were furnished with a statement, in writing, signed by the cashier of the Exchange National Bank of Denton, Texas, that the said stock is worth and of the value of forty cents on the dollar, as above provided, then such statement, when so furnished, shall be conclusive and sufficient satisfaction to said First National Bank of the fact that said stock is of the value of forty cents on the dollar, as herein guarantied, and such statement, when furnished, shall operate as a release and satisfaction of this guaranty, and this guaranty shall be delivered up and canceled." The defendants plead performance in a particular manner. By their plea they say: "The defendants did, within ninety days from the date of the written instrument on which said suit is based, satisfy the said bank that the said stock was of the value of forty cents on the dollar, per share, on the amount paid in on each share, by causing, within said ninety days, the said bank and its officers to be furnished with a statement, in writing, signed by the cashier of the Exchange National Bank at Denton, Texas, that said stock was worth and of the value of forty cents on the dollar, as above, according to the form and effect of said indenture and written instrument." The defendants, by this plea, assumed the burden of proof. Upon the trial in the court below, the fact was developed that, while the cashier of the Exchange National Bank of Denton, Texas, had furnished John W. Terry, cashier of the First National Bank of Socorro (or claimed to have done so), by inclosing a statement in an envelope, and committing

*CONTRACT: suit for breach of covenant: value, of stock: evidence.*

it to the mail, on or about the middle of May, 1886, the original statement was lost, and could not be produced in evidence upon the trial. Thereupon the court permitted secondary evidence to be introduced and go to the jury as to the contents of the statement. At the conclusion of the testimony, plaintiff, by his attorney, requested the court to instruct the jury to find for the plaintiff, upon the ground that the defendants had failed to prove a compliance with the terms of the sealed obligation by furnishing, within ninety days from the date of the instrument, a statement, in writing, signed by the cashier of the Exchange National Bank of Denton, Texas, that said stock was worth and of the value of forty cents on the dollar, per share, of the amount paid in on each share. The court refused to so instruct the jury, and the cause proceeded to a verdict in favor of the defendants. This action of the court in refusing to instruct the jury to find for the plaintiff is assigned for error, and we will proceed to examine that assignment.

It is clear that, if the statement in writing required by the contract was not furnished the First National Bank of Socorro or its officers within the time agreed upon, under the pleadings in this case the plaintiff would be entitled to judgment upon a mere production of the contract, inasmuch as the contract providing for the liability of the defendants was in writing, and was admitted by the defendants. This contract provided that the First National Bank of Socorro, or its officers, should, within ninety days, be furnished with a statement, in writing, signed by the cashier of the Exchange National Bank of Denton, Texas, that said stock is worth and of the value of forty cents on the dollar, per share, of the stock paid in, and the defendants' guaranty was that this should be done. There were no conditions attached to this provision of the contract. The contract required that statement to be made in writing,

within ninety days from the date of the contract, and that it should positively state that the stock was worth and of the value of forty cents on the dollar. It was to be made by a particular person,—the cashier of the Exchange National Bank of Denton, Texas; and, if the same was furnished, it was to be conclusive, and a satisfaction to the First National Bank of Socorro, and, of course, to the plaintiff, who held under said bank, of the fact stated,—that the stock was of the value of forty cents on the dollar; and a breach of the contract and liability under it, so far as the case made by the pleadings is concerned, could only be avoided by furnishing the required statement within the time stated. Now, let us examine the evidence to see whether the statement was or was not furnished. The defendants offered William A. Ponder, who was at the time cashier of the Exchange National Bank of Denton, Texas, as a witness to prove that he sent the statement required by the contract to John W. Terry, cashier of the First National Bank of Socorro, New Mexico. As to the contents of the statement forwarded by him to Mr. Terry about the middle of May, 1886, Mr. Ponder testified as follows:

"1886, I wrote to John W. Terry, cashier of the First National Bank of Socorro, New Mexico, that there had been no sales of stock of the Denton Land & Cattle Company of late, and that there was no market value for same; that I, with others, had been duly elected officers of the Denton Land & Cattle Company, and that we were about to bring suit to recover some assets that were wrongfully in the hands of other parties; that there was a contest between the Denton stockholders and the Dallas; that the stock,—that we would recover that stock; that the assets of the company were worth about the par value of the stock; and that it was necessary that he should either be represented in person

or by an attorney; and that I therefore advised that he be represented by an attorney.

"Respectfully,

(Signed)          "W. A. PONDER, Cashier."

Mr. Ponder was further examined as to the statement which he claimed to have sent by mail to Mr. Terry, and testified as follows: "Question. Did not you state in your letter to Mr. Terry that you were about to bring suit to recover some assets of the company? Answer. I did. Q. To recover some assets of the company's of other parties, and that you would recover in that suit, and that the assets were worth the par value of the stock,—that is what you say you wrote? A. No, sir; I said, 'about the par value:' I did not say, 'the par value.' Q. And whether or not they were worth seventy-six and one third per cent would depend upon recovery in that suit to which you referred? A. Yes, sir. Q. When you wrote to him that you would recover in that suit, you were relying upon your own judgment and advice of counsel? A. I was relying upon my counsel, and other information. Q. You say that you wrote to Mr. Terry that the assets were worth the par value of the stock if you recovered in that suit, and that you would recover, when, as a matter of fact, upon your investigation, you had only found them to be worth seventy-six and one third per cent? A. I wrote to Mr. Terry that, when we recovered, the stock would be about par; not par. Q. That it would be about par; you didn't write to him that it was par? A. No, sir. Q. I asked you about the stock. A. I wrote him that the stock based on the assets was worth about par. Q. That is, when recovery was made in that suit, if recovery was made? A. I don't think I used 'if,' when recovery was made; recovery was certain. Q. That is, when you recovered, it would be worth about par? A. Yes, sir. Did you

recover within ninety days from the fourth of May,
1886? A. No, sir; we sold out on the thirty-first of
May, and were no longer interested in the company."
He further testified: "Q. The assets of this company
were in the hands of these Dallas parties at the time
you were talking about bringing this suit? A. No,
sir. Q. Where were they? A. There was a dispute
of the possession between ourselves. We both were in
charge of it. Q. Both were in charge? A. Yes, sir.
Q. Had there been any sale or any kind of pretended
sale or mortgage or other incumbrance in the nature
of a mortgage under which these people in Dallas had
claimed to have bought this property in at the time?
A. Yes, sir. Q. And they were claiming to hold it
under that sale? A. Yes, sir. Q. And you were
claiming that the sale was irregular, and that you had
a right to set it aside, were you not? A. It was a
fraudulent sale. Q. I am not asking you what it was.
A. We claimed it was fraudulent. We claimed it was
a fraudulent sale from the president of the company to
himself, under a fictitious mortgage. Q. And that
sale included all the assets of the company, did it not?
A. I do not think it did. Q. Well, the greater por-
tion of them? A. No, sir. Q. You figured the assets
upon the basis of seventy-six and one third per cent if
that suit was won,—you said this morning? A. No,
sir; I said 'when.' Q. When it was won? A. Yes,
sir. Q. If you prefer 'when' to 'if,' you figured it
would be seventy-six and one third per cent when it
was won? A. I prefer it because we were sanguine
of setting the sale aside." Mr. Ponder, being the party
who was to furnish the statement, was the only witness
who testified as to the contents of the statement sent
to Mr. Terry on behalf of the defendants. Mr. Terry
was put upon the stand as a witness for the plaintiff,
and he was asked if he had received a letter from Mr.
Ponder containing the statements to which Mr. Ponder

testified, and Mr. Terry answered: "I never received any letter containing all that information. I received a letter from Mr. Ponder containing a portion of it." Being asked as to the contents of the letter or statement received from Mr. Ponder, Mr. Terry testified as follows: "The letter which I received from Mr. Ponder was, in substance, as follows: 'John W. Terry, Cashier, Socorro, N. M.;' and, after acknowledging the receipt of the letter: 'The Denton Land & Cattle Company's stock has no present cash value. The company is in litigation. The Denton stockholders have brought suit to recover their interests, and we advise you to join them in the suit. We hope to succeed, and, in case of success, we expect the stock to be worth what was paid up on it.'" From this testimony it is clear that the statement furnished by the cashier of the Exchange National Bank of Denton, Texas, was not such a statement as the contract required to be furnished to the First National Bank of Socorro or its officers. It is true, the statement, according to the testimony, purported to state the assets of the company to be worth more than forty cents on the dollar, per share, of the value of the stock paid in, but the testimony shows that the value of the assets so stated was based upon the recovery of property or its value by virtue of litigation. There was no positive statement that the stock was worth or of the value of forty cents on the dollar, as required by the contract, and the plaintiff was not required to accept a statement of value dependent upon the result of litigation. According to the testimony of the witness Ponder, the stock had no cash value, and it appears further from his testimony that there was no recovery of property within the ninety days specified, that would tend to establish a cash value of said stock. The requirements of the contract as to this statement were not met, so far as the testimony shows; but, if any statement at all was furnished, it

was one dependent upon contingencies, that the contract did not provide for. This was all the evidence, substantially, in the case that was pertinent to the issue formed by the pleadings. There was evidence as to the fact that Mr. Terry had admitted that he had received a statement, and was satisfied with it. This Mr. Terry denied; but, however that may be, the contract provided that, if that statement in writing was furnished, it was to be conclusive, and a discharge of the guaranty of the defendants. Therefore it is immaterial whether Mr. Terry expressed himself satisfied or not, under defendants' plea.

The sole question put in issue by the defendants' plea was whether or not the statement provided for in the contract had been furnished. There is a provision in the contract to the effect that the defendants should have a right to satisfy the bank or its officers in any other manner than by the written statement above referred to, that the stock is of the value of forty cents on the dollar, that the guaranty shall be delivered up and canceled; but no issue was raised by the plea as to this provision of the contract, and hence testimony referring to means used by the defendants to satisfy the bank or its officers other than by the statement alleged to have been furnished by the plea, and provided for in the contract, is not material to the issues made in this case, and can not be considered. It follows, then, that there was no evidence upon which a verdict for the defendants could rest. That being true, it would become the duty of the court to set aside a verdict rendered for the defendants in the case, on motion being made to that effect. In such case the instructions asked for by the plaintiff should have been given by the court, and it was error to refuse it. Candelaria v. A., T. & S. F. Railroad Co., 6 N. M. 284; Railroad Co. v. Houston, 95 U. S. 697; Schofield v. Railway Co., 114 U. S. 619; Railroad Co. v. Jones, 95 U. S. 439; North Pennsyl-

vania R. Co. v. Commercial Nat. Bank, 123 U. S. 727.
It is not necessary for us to consider other assignments
of error in this case.   The assignment sustained works
a reversal of the case, and the judgment of the court
below will be reversed, and the cause remanded to the
lower court, with instructions to award plaintiff a new
trial, and proceed in accordance with this opinion.

O'BRIEN, C. J., and SEEDS and FREEMAN, JJ.,
concur.