[No. 1094, June 29, 1906.]

SUSAN E. BARBER, Plaintiff in Error, v. MONROE HARPER, Defendant in Error.

## SYLLABUS.

1.  Under the contract between the parties, of May 20th, 1902, and the bill of sale given after a partial delivery of the animals, the title and ownership of all of the cattle of the plaintiff in error branded S. U. E. and (x), and also those brands, vested in the defendant in error.

2.  Where upon the trial of a replevin suit brought by the defendant in error, for the possession of two animals thus branded, found in the possession of the plaintiff in error after partial delivery, the contract of sale and bill of sale having been introduced in evidence and undisputed, it was not error for the court below to direct a verdict for the plaintiff in that court under the circumstances of this case.

3.  The delivery of horses in lieu of undelivered cattle did not re-invest plaintiff in error with title and ownership of the undelivered cattle, thus branded.

Barber v. Harper.

Appeal from the district court of Otero county, before FRANK W. PARKER, Associate Justice. Affirmed.

GEORGE W. PRICHARD, for appellant.

It is only where there is no conflict of the evidence on material matters that the court is justified in directing a verdict returned for either party.

> Lau v. Fletcher, 104 Mich, 295; O'Connor v. Vitherby, 111 Cal. 523; Chicago B. & Q. R. Co. v. Payne, 59 Ill 535; McQuown v. Thompson, 5 Colo. App. 466; Colorado Coal & I. Co. v. John, 5 Colo. App. 213.

"Where the evidence is conflicting or the credibility of the witnesses is questioned, the case should be submitted to the jury."

> Ency. of Pleadings Vol. 6, 687; Hauck v. Gue, 30 Neb. 116; Semmes v. Patterson H. Co. 65 Miss. 5; Douglass v. Hill, 29 Kan. 377; Deitrich v. Autchinson, 20 Neb. 52; Kirchner v. Laughlin, 4 N. M. 395; Perea v. Col. Nat. Bank, 6 N. Mex. 1; Chaves v. Chaves, 3 N. Mex. 306.

In order to prove ownership he should have proved that the brand was a recorded brand.

> Secs. 65, 107, Compiled Laws of 1897; Session Laws of 1899, page 40.

FALL & MOORE and J. H. PAXTON, for appellee.

As to the contention that the court erred in admitting in evidence the certified copy of bill of sale from Barber to Harper. (Exhibit B.):

The certified copy was admitted after proof of loss of the original. The objection was general, no grounds being stated; and the only irregularity in regard to the bill of sale appears to be in the certificate of acknowledgment, which was made by a justice of the peace and recorded with the bill of sale; and the certificate of acknowledgment is sufficient.

> Milner v. Nelson, 86 Ia. 452; 41 Am. St. Rep. 507, 510; Fredericks v. Wilcox, 119 Ala. 355; 72 Am. St. Rep. 926-927; Sumner v.

Barber v. Harper.

Mitchell, 29 Fla. 179; 30 Am. St. Rep. 115, 125.

To the same effect: Inartificialness in the execution of these instruments cannot be permitted to defeat them, if, looking at them as a whole, we find that they reasonably and fairly indicate a compliance with the law. Citing from Jones v. Martin, 16 Cal. 166, an example of the length to which a court will go.

Kelly v. Calhoun, 95 U. S. 714-5; Otto 714-24, Law Ed. S. C. 545; Carpenter v. Dexter, 75 U. S. 513.

The grantor must be cognizant of his own deed.

Fitzhugh v. Croghan, 2 J. J. Marshall, 429, 19 Am. Dec. 143-145; Jones v. Berkshire, 15 Ia. 248-83; Am. Dec. 414; Territory v. Claypool and Lueras, 11 N. M. 576-579.

Equity considers that as done which ought to be done.

Dandrige v. Harris, 1 Wash. 326; 1 Am. Dec. 466-467.

A party to a contract agreed to endorse thereon the privilege of an alternative performance, and this promise was made a condition precedent in the execution of the contract; but he afterwards refused to so endorse. The court relieved by considering the endorsement as made and incorporated into the agreement.

Holland v. Duluth Iron, etc., Co. 65 Minn. 324; 60 Am. St. Rep. 486; Cleveland v. Williams, 29 Tex. 204; 94 Am. Dec. 276-278.

If the seller made a proposition and the buyer accepted, and the goods are in the possession of the seller, and nothing remains to be done to identify them or in any way prepare them for delivery, the sale is complete and the property in the goods passes at once.

Pleasant v. Pendleton, 6 Rand, 473, 18 Am. Dec. 729-747; Fletcher v. Howard, 2 Aikens, 115, 16 Am. Dec. 687-688; Shaddon v. Knott, 2 Swan, 358; 58 Am. Dec. 63-65; Wade v. Moffett, 21 Ill. 110, 74 Am. Dec. 80-82; Cassell v. Backrack, 42 Miss. 56, 97

Barber v. Harper.

Am. Dec. 438; Walden v. Murdock, 23 Cal. 540, 83 Am. Dec. 140-141.

Anything said by or between, the parties after the execution of the bill of sale is immaterial unless there was such offer and acceptance as to constitute a novation.

> Wigmore on Evidence, Secs. 2425 and 2441; Raymond v. Roberts, 2 Aikens, 204, 16 Am. Dec. 701-702; La Farge v. Rickert, 5 Wend. 187, 21 Am. Dec. 212; Fawkner v. Smith Wall Paper Co. 88 Ia. 169, 45 Am. St. Rep. 231-234; Knowlton v. Keenan, 146 Mass. 86, 4 Am. St. Rep. 282-284; People v. Healy, 128 Ill. 9; Seitz v. Brewers Refrigerating Machine Co. 141 U. S. 510.

Where an objection to evidence is so general as not to indicate the specific grounds upon which it is made, it is unavailing on appeal, unless it be of such a character that it could not have been obviated at the trial.

> Vasquez v. Spiegelberg, 1 N. M. 466; Murray v. S. C., D. & P. Ry. Co. 3 N. M. 594; Territory v. Hicks, 6 N. M. 603; Noonan v. Caledonia Gold Mining Co., 121 U. S. 393, 30 Law Ed. S. C. 1063; Toplitz v. Hedden, 146 U. S. 252, 36 Law Ed. S. C. 962; Holmes v. Goldsmith, 147 U. S. 162, 37 Law Ed. S. C. 122-123; District of Columbia v. Woodbury, 136 U. S. 462; 1 Wigmore on Evidence 18.

A judgment will not be reversed for harmless error.

> Romero v. Desmarais, 5 N. M. 14; First Nat. Bank v. Home Savings Bank, 21 Wall. 294; 22 Law Ed. S. C. 562; Ogdensburg, etc. R. R. Co. v. Pratt, 22 Wall. 123; 22 Law Ed. S. C. 831.

An unrecorded brand, though not evidence of ownership, is admissible for the purpose of identifying the animal in issue.

> Gale and Farr v. Salas, 11 N. M. 219-220; Chavez v. Territory, 6 N. M. 219-220; Poage v. State, 43 Tex. 454.

When there is no question or dispute of fact to be

decided, it is the duty of the court to take the case from the jury.

> Candelaria v. A. T. & S. F. Ry. Co. 6 N. M. 283-287; People v. Cook, 8 N. Y. 67; Todd v. Old Colony, etc., R. R. Co. 7 Allen, 207; Gavett v. Manchester, etc. R. R. Co. 16 Gray. 510; Moore v. McKenney, 83 Me. 80.

### STATEMENT OF FACTS.

This is an action brought by the defendant in error against the plaintiff in error for the recovery of a cow and yearling calf, which the defendant in error claims to have purchased from the plaintiff in error in May, 1902.

It appears that a written contract was entered into between the parties, on the 20th day of May, 1902, by the terms of which the plaintiff in error in this court, contracted to sell to the defendant in error, her ranch in Lincoln county, New Mexico, together with other lands adjoining the same; also cattle, horses in certain brands owned by her, together with other personal property, for the sum of $34,000.00. The two animals in controversy in this case, are admitted to have been owned by the plaintiff in error at the time this contract was made. The portions of said contract relating to the cattle, are as follows.

"It is further agreed between the parties hereto that the party of the first part shall make the enumeration of personal property and deliver the same and the titles to the said real estate within a period of two weeks, or as soon thereafter as possible not exceeding the period of three weeks.

"It is further agreed that the party of the first part will deliver two hundred and seventy (270) head of cattle, not including this spring's calves, which are thrown in, and sixty (60) head of horses, not including this spring's colts which are thrown in.

"It is further agreed that the brands owned by the party of the first part for branding cattle registered as cross (x) brand, with a jingle bob mark in both ears and also the S. U. E. brand with an under-slope in each ear, pass to the property of the second part with the delivery of the said stock."

Barber v. Harper.

Another clause of this contract is as follows:

"It is further agreed between the parties hereto, in the event when the cattle aforesaid shall have been rounded up there shall be less than two hundred and seventy (270) head, the party of the first part shall allow at the rate of twenty dollars ($20)˙ a head for all such shortage in the number of cattle; and, also, in the event that there shall be more than three hundred (300) head, that the party of the second part shall pay at the rate of twenty dollars ($20) per head for all in excess of that number."

It appears from the evidence that the cattle were rounded up within about ten days after the contract was signed, and soon thereafter a delivery of the cattle rounded up was made to the agent and representative of the defendant in error, a man by the name of Ford, and the cattle were counted, tallied and accepted by the agent of Mr. Harper to the number of two hundred and fifty-nine head. This was all the cattle delivered by Mrs. Harper at any time, but recognizing that she had contracted to deliver at least two hundred and seventy (270) head of cattle, she gave the defendant in error eleven head of horses, which the defendant in error accepted in lieu of cattle.

A bill of sale of the cattle was executed by Mrs. Barber, the plaintiff in error, to the defendant in error, which so far as it relates to the cattle sold, is as follows:

"All cattle owned by me, branded with three crosses, to-wit: (x) Shoulder, (x) Side, (x) Hip, and with S. Shoulder, U, Side, and E, Hip, said brands being on the left side. * * * *"

This bill of sale is dated July˙3rd, 1902, but it was acknowledged by Mrs. Barber on the 5th day of August, 1902.

At the trial in the court below, the contract and bill of sale were admitted in evidence, and also a considerable amount of oral testimony relating to the delivery of the cattle referred to in the contract. ˙At the close of the introduction of evidence, the court upon the request of the defendant in error, instructed the jury to find for the

defendant in error, and a verdict in his favor was rendered.

Judgment was rendered upon the verdict awarding the possession of the cattle replevied to the defendant in error. Motion for a new trial was made and overruled, and the plaintiff in error has brought this cause to this court for review.

## OPINION OF THE COURT.

M'FIE, J.—Plaintiff in error, assigned several errors, three of which relate to the court's instruction to the jury to find for the defendant in error. The fourth is that the court erred in permitting the plaintiff in the court below to testify that he was the owner of the S. U. E. brand. The fifth, alleges that the court erred in failing to require the plaintiff in the court below to show that the brand was recorded, and the last error assigned was upon the court's overruling the motion for a new trial.

Under the terms of the contract of sale, the plaintiff in error not only sold to the defendant in error all of the cattle owned by her, branded S. U. E. and cross, but she sold the brands. Having sold the brands, and also the cattle branded in these brands, the title passed immediately to the defendant in error, to all the cattle, thus branded, which the plaintiff in error owned, and he had a legal right to possession of the same.

Under the terms of the contract, Mrs. Barber agreed to round up and deliver to the defendant in error at least two hundred and seventy (270) head of cattle thus branded, and in the event of her failing to deliver this number she agreed to allow twenty ($20) dollars per head for each animal short of that number. There is no dispute of the fact that only two hundred and fifty-nine (259) head of these cattle were delivered, nor of the fact that Mrs. Barber paid the difference by delivering to the defendant in error eleven head of horses at the same price. By delivering the eleven head of horses Mrs. Barber did not thereby repurchase any of the cattle sold under the contract so as to reinvest her with title thereto, but gave the horses in lieu of money which she could have

Barber ` v. Harper.

been required to allow upon her failure to deliver the
two hundred and seventy (270) head of cattle under the
obligation of her contract. By the bill of sale executed
and acknowledged as late as August 5th, 1902, it is dis-
tinctly shown that Mrs. Barber intended to and did sell
to Harper all of the cattle which she owned in the S. U.
E. and cross brands, as the bill of sale amounts to an
interpretation of the contract by Mrs. Barber herself,
sometime after the contract was executed and the animals
were delivered under its terms. That the two animals in
controversy in this case were owned by Mrs. Barber, at
the time she entered into this contract by which she sold
the cattle to Harper, is shown by the fact that Mrs. Bar-
ber endeavored to have Mr. Harper's agent, in the absence
of the cow and yearling, accept the same as delivered un-
der the contract. Mrs. Barber so testifies herself. Mrs.
Barber had the privilege and opportunity afforded her to
deliver these animals, but she failed to avail herself of
them and this incurred the penalty provided in the con-
tract for failure to deliver them. When the contract and
bill of sale were introduced in evidence, providing for the
sale of all of Mrs. Barber's cattle in the S. U. E. and cross
brands, to the defendant in error, and there being no dis-
pute as to the delivery of the cattle and horses, to the
number of two hundred and seventy (270) head under
the contract: and the further proof that Mrs. Barber re-
quested the defendant in error and his agent to accept the
animals involved in this suit, which were at that time in
the possession of Mr. Gonzales, without formal delivery
thereof, the defendant in error, plaintiff in the court be-
low, had established his right to the possession of the ani-
mals replevied, by evidence which the defendant in the
court below could neither dispute nor overcome, and it
follows that the court committed no error in instructing
the jury to find for the defendant in error.

Indeed it was the duty of the court under the deci-
sions of this court to so instruct, as the defendant in the
court below had failed to introduce any testimony show-
ing her right of ownership or possession, of the animals
replevied. The contract and bill of sale determined the
rights of the parties in these animals and they were un-

disputed.    Armstrong v. Aragon, 79 Pac. (N. M.) 211; United States v. Gumm Bros. 9 N. M. 616; Candelaria v. A. T. & S. F. Ry. Co., 6 N. M. 266; Railroad Co. v. Huston, 95 U. S. 697; Schofield v. C. & S. P. R. R. Co., 114 U. S. 619; D. L. & W. R. R. Co., v. Converse 139, U. S. 469.

The fourth assignment of error, is not well taken. Under the evidence in this case, this written contract provided that the ownership of the brand should pass to the defendant in error.    He has a right to prove the ownership of that brand, not only by the written contract but also by oral evidence for the purposes of this case, and the same evidence discloses the fact that it was unnecessary to prove that the brand was recorded, otherwise than by the contract which recited such fact, as contended for in the fifth assignment of error.

It is manifest from what has been said, that the court did not err in overruling the motion for a new trial in the court below, as the evidence clearly warranted the court below in directing the jury to return a verdict for the defendant in error, and in entering judgment thereon.

The judgment of the court below is affirmed with costs.

William J. Mills, C. J., Wm. H. Pope, A. J., Edward A. Mann, A. J., Ira A. Abbott, A. J., concur.

Parker, A. J., having tried the case below did not participate in this decision.