BOARD OF PUBLIC WORKS OF ARLINGTON *vs.* THIRD DIS-
TRICT COURT OF EASTERN MIDDLESEX.

Middlesex.  April 2, 1946. — June 1, 1946.

Present: FIELD, C.J., LUMMUS, QUA, RONAN, & SPALDING, JJ.

*Civil Service. District Court*, Review of action with respect to civil service.

In a proceeding in a District Court under G. L. (Ter. Ed.) c. 31, § 45, to
review a municipal board's indefinite suspension of an employee in the
civil service for leaving his work without justification, there was error
in a decision of the judge reversing the action of the board as having
been taken "without proper cause" because he found that the em-
ployee's superintendent had acquiesced in the employee's conduct,
where on the evidence before them the board might reasonably have
based their action on a finding that the superintendent did not so
acquiesce and their action was not shown to have been unsupported
by such evidence.

PETITION, filed in the Superior Court on February 26,
1943.

The case was heard by *Hanify*, J.

*A. W. Wunderly,* for the petitioners.

*C. A. Barnes*, Attorney General, *& R. Clapp*, Assistant
Attorney General, for the respondent, submitted a brief.

QUA, J.   This is a petition for a writ of certiorari, brought
in the Superior Court, to quash the decision of a judge of
the Third District Court of Eastern Middlesex in a review
by him under G. L. (Ter. Ed.) c. 31, § 45, of action of the
petitioners in indefinitely suspending one Fenochetti from
his employment under civil service by the town of Arlington
as "chauffeur-laborer."   All proceedings in the District
Court were had before radical changes in the law were
introduced by St. 1945, c. 667.  The judge of the District
Court reversed the decision of the board and reinstated
Fenochetti in his employment without loss of compensation.
The Superior Court ordered the petition for certiorari dis-
missed, and the case is here on exceptions.

Under § 45 it was the duty of the judge of the District
Court to "review" the action of the board and to affirm

the board's decision unless it appeared that the decision was made "without proper cause or in bad faith." The only issues open before the judge of the District Court were whether the suspension by the board was for proper cause and whether it was made in bad faith. And in determining on "review" whether there was "proper cause" the question for the judge was not whether cause for the suspension existed which he himself would have thought proper if he had been passing upon the matter in the first instance, but was whether the finding of the board was "supported by reasonable evidence." *Swan* v. *Justices of the Superior Court*, 222 Mass. 542, 547. In *Murray* v. *Justices of the Municipal Court of the City of Boston*, 233 Mass. 186, at page 189, it was said that "review" indicates "a reëxamination of a proceeding, already concluded, for the purpose of preventing a result which appears not to be based upon the exercise of an unbiased and reasonable judgment." Definitions in other cases are to the same effect. *Mayor of Medford* v. *Judge of First District Court of Eastern Middlesex*, 249 Mass. 465, 471. *Commissioner of Institutions of Boston* v. *Justice of the Municipal Court of the Roxbury District*, 290 Mass. 460, 464. *Murphy* v. *Third District Court of Eastern Middlesex*, 316 Mass. 663, 665. *Mayor of Somerville* v. *District Court of Somerville*, 317 Mass. 106, 109–110. See *Costa* v. *District Court of Eastern Essex*, 305 Mass. 85, 86, decided under a somewhat different statute.

The return of the judge of the District Court to the petition for certiorari shows that the judge of that court who heard the petition for review found that the board acted in good faith. On the issue of proper cause he found that on August 7, 1942, during the lunch hour Fenochetti had "an argument" with the superintendent who had supervision of the employees under the board about the amount of overtime after his regular hours to be allowed Fenochetti on the preceding day; that Fenochetti said he thought he should be paid for that night; that the superintendent said he did not think Fenochetti should be paid any overtime at all, inasmuch as the superintendent "con-

sidered the ditching of the truck gross carelessness, but that . . . [he] would pay . . . [Fenochetti] until seven o'clock and no more"; that Fenochetti said, "I am not going to take the truck out; I am going to see my attorney"; that the superintendent said "all right"; and that Fenochetti started out through the garage but again reported for work the next day, when the superintendent told him he could not work because he had left his work the day before without justification. Upon the incident being reported to the board, the board, after consideration, voted that Fenochetti be suspended indefinitely "for leaving his work without justifiable cause." The suspension continued approximately fifty-eight days.

The return shows that the judge made these findings: I find that the answer ["all right"] of the superintendent to the statement of the petitioner [Fenochetti] constituted an acquiescence to the statement of the petitioner that he was not going to take his truck out that afternoon and that the petitioner did not leave his work without justifiable cause. I therefore find that the action of the respondents as members of the board of public works in suspending the petitioner indefinitely . . . was without proper cause." The first of these findings, like many others of the findings shown by the return, is in terms that would be appropriate if the judge of the District Court were himself charged directly with the duty of dealing with the employee instead of with the duty of determining whether a board upon which rested the primary responsibility for discipline and efficiency in the department, and which, as the judge himself found, acted in good faith, had conducted itself in an unreasonable and unjustifiable manner. We think that the course taken by the judge in basing his decision, as the return shows he did, upon his finding to the effect that the superintendent's answer "all right" constituted acquiescence in Fenochetti's taking a half holiday, involved error of law. It is apparent from the findings that Fenochetti had had at least an animated discussion with his superior about what Fenochetti asserted was overtime work on his part the night before in connection with the ditching of a

truck for which it would seem that the superintendent considered Fenochetti himself responsible. At any rate, the superintendent refused Fenochetti's demand in part, whereupon Fenochetti refused to work and announced his intention of seeing his attorney. In these circumstances we think it plain that the words "all right" spoken by the superintendent did not necessarily denote acquiescence in Fenochetti's leaving his job for a half day for the purpose of further pursuing the dispute. Fenochetti said nothing about returning the next day or at any time, although the judge seems to have assumed that Fenochetti's refusal to work applied only to the remainder of that day. If the issue before the judge had been simply the ordinary issue of fact, perhaps a finding that the superintendent acquiesced in Fenochetti's quitting his job might have been warranted, though not required; but the issue was whether the board's action had been shown to be such that it could not have been the result of an unbiased and reasonable judgment. We do not pause to consider whether in any event the board was bound by acquiescence of its superintendent, since we think it clear that reasonable and fair minded men in the position in which the board was placed might take the view that the words "all right" spoken by the superintendent did not denote acquiescence by him in Fenochetti's conduct, but that these words meant no more than that Fenochetti could exercise his unquestionable right to abandon his job and take the consequences and that the discussion was at an end.

In our opinion the return discloses error of law in the proceeding in the District Court. The error was sufficiently brought to the attention of the judge of the Superior Court by requests for rulings.

The exceptions are sustained, and judgment is to be entered quashing the decision of the District Court.

*So ordered.*