Fremont-Smith, J.
Plaintiffs, who are current and former members of the Town of Georgetown Board of Selectmen (“the Board”) and Conservation Commission (“the Commission”) have sued the defendants, who are both current members of the Board, for violations of the Massachusetts conflict of interest law, G.L.c. 268A. Plaintiffs allege in Count I that defendant Thomas Berube (“Berube”) violated G.L.c. 268A, §2(c), by accepting a donation of fill material with which to grade the yard of his home up to the level of the existing road. In Count II, plaintiffs allege that Berube and defendant Larry Ogden (“Ogden”) violated G.L.c. 268A, §19(a), in replacing members of the Commission when Berube and Ogden both had an admitted conflict of interest due to matters pending before the Commission at that time. Berube and Ogden have now moved for partial summary judgment.
BACKGROUND
The following facts are undisputed. The Board is a three-member elected body. Plaintiff John Olszewski (“Olszewski”), Berube, and Ogden are its current mem *275 bers. The Commission is a seven-member body, whose members serve three-year terms, and are appointed by the Board. The Board must achieve a quorum of two members before it can make an appointment.
Ogden is employed by a local real estate developer, who occasionally appears before the Commission. Ogden’s employer had two projects before the Commission at the time of the complained-of actions.
Sometime in late 1991 or early 1992, Berube accepted asphalt fill material from Urban Systems Project (“Urban”), which had been performing work on some of the roads in the area, so that he could grade his yard to the level of the existing road.
On January 10, 1992, Berube sought approval of the above project from the Commission. The Commission held a public hearing on January 23, 1992. On March 18, 1992, the Commission issued an Order of Conditions in which it denied Berube’s proposed (albeit already begun) project due to its potential adverse environmental impact. The Commission also assessed Berube a $500 fine, ordered him to remove the fill, and provided that failure to comply with the Commission’s Order of Conditions would result in an additional fine of $300 per day.
Berube appealed the Commission’s Order to the Department of Environmental Protection (“the DEP”). The DEP conducted a site visit, made certain determinations, and requested a revised plan. Berube submitted a revised plan to the DEP on July 21, 1992, and the DEP issued a Superseding Order of Conditions which permitted him to proceed with the project. The Commission appealed the DEP’s Superseding Order of Conditions on the grounds that Georgetown has more stringent standards than the DEP. Berube has refused to remove the fill and pay the fine levied by the Commission.
On June 20. 1992, the Commission filed a request to the Board, seeking enforcement of the Commission’s Order. The Board did not act upon the Commission’s request.
On July 27. 1992, Ogden telephoned the State Ethics Commission (“the Ethics Commission”) seeking information regarding conflicts and appointments, and was informed of the existence of the “rule of necessity.” Ogden put his request in writing on July 30, 1992, and, on September 1, 1992, the Ethics Commission issued a written opinion outlining the relevant provisions of the Massachusetts conflict of interest law, G.L.c. 268A, and the “rule of necessity.”
On August 10. 1992, at a town meeting, the Board appointed Peter Gerakaris (“Gerakaris”) and Edward Vitello (“Vitello”) as new members of the Commission to replace plaintiffs Salvatore A. Testaverde (“Tes-taverde”) and Joseph Pelczarski (“Pelczarski”), whose terms had officially expired in June of 1992 but who had continued to act as Commission members in the interim, pursuant to a long-standing practice of the town that Commission members should continue to act until their replacements were appointed. Olszewski declined to take part in the vote, whereas Berube and Ogden recognized their conflict of interest, but invoked the “rule of necessity" to achieve a quorum, and appointed new Commission members.
The terms of two other Commission members, Judith Hart (“Hart”) and Peter Durney (“Durney”) had also expired in June 1992, but they had continued to act pursuant to the town practice. After being asked by the defendants to express their interest, if any, in continuing on the Commission, Hart officially resigned on August 18, 1992, and Durney informed the Board, in a letter dated August 21. 1992, that he would continue to sit on the Commission only if it were reconstituted as it had been prior to the Board’s August 10 action, but not if he was to become a “political pawn." The Board treated Durney’s letter as a resignation.
On August 24, 1992, the Board appointed two more new members, Hilda True (“True”) and Charles Blanchard (“Blanchard”), to the Commission, to replace Hart and Durney. Berube and Ogden again invoked the “rule of necessity,” and Olszewski again declined to participate.
On August 27, 1992, Berube filed a request with the newly constituted Commission for review and modification of its earlier Order of Conditions, and the Commission granted Berube’s request, allowing him to proceed with the project and to retain the fill. It also rescinded the fines.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra, 404 Mass. at 17. “[T]he opposing parly cannot rest on his or her pleadings and mere assertions of disputed *276 facts to defeat the motion for summary judgment.” Lalonde v. Eissner, 405 Mass. 207-09 (1989).
Count I: Violation of G.L.c. 268A, §2(c)
Plaintiffs allege in Count I that Berube violated G.L.c. 268A, §2(c) by accepting the donated fill material with which to grade his yard. Because no cause of action is alleged against Ogden in Count I, summary judgment shall be granted in his favor on this Count.
Count II: Violation of G.L.c. 268A, §19(a)
In Count II, plaintiffs allege that Berube and Ogden violated G.L.c. 268A, §19(a) by voting to replace members of the Commission in the above circumstances. Specifically, plaintiffs allege that Berube and Ogden “began proceedings to oust existing members of the Commission that denied [Berube’s] project,” and that they invoked the “rule of necessity” and replaced the members of the Commission without just cause and in bad faith, for a self-serving purpose.
Plaintiffs do not dispute the fact that the terms of the replaced Commission members officially expired in June of 1992. However, plaintiffs invoke an informal Board rule or practice whereby members of the Commission whose terms had expired continued to sit on the Commission and to participate in its decisions until their replacement was appointed. Plaintiffs, in effect, allege that each of the replaced Commission members was willing to sit on the Commission as long as necessary, but was pressured to resign. Thus they claim that there was no immediate necessity for the replacement of said members, and that Berube and Ogden acted in apparent retaliation for the Commission’s denial of Berube’s project and imposition of fines. In support of their claim, plaintiffs point to the fact that the newly constituted Commission almost immediately were asked to grant and did grant permission to Berube to proceed with his project, and rescinded all fines.
Berube and Ogden argue that they were within their rights in invoking the “rule of necessity” and making new appointments to the Commission. In support, they point to the facts that: (1) all of the terms of the replaced members had expired in June of 1992; (2) Pelczarski informed the Board that he did not seek reappointment;[3] and (3) Hart and Durney had officially resigned. Berube and Ogden dispute the plaintiffs’ contentions concerning the alleged informal rule or practice.
Berube and Ogden rely heavily on the Ethics Commission letter, which pointed out the existence of the “rule of necessity.” The Ethics Commission is the primary civil enforcement agency for violations of G.L.c. 268A, see G.L.c. 268B, §3(i), and its opinion on matters involving conflicts of interest is, indeed, entitled to considerable deference. See Cohen v. Bd. of Water Comm’rs, Fire District No. 1, South Hadley, 411 Mass. 744, 748 (1992); Mass. Auto Body Assoc., Inc. v. Comm'r of Ins., 409 Mass 770, 781 (1990); Finkel-stein v. Bd. of Registration in Optometry, 370 Mass. 476, 478 (1976). The Ethics Commission letter, however, while referring to the rule of necessity, took no position on whether it might properly be invoked in the circumstances presented in this case. It therefore has no import in the decision of this case.
The “rule of necessity” is an exception to G.L.c. 268 and is designed to permit a governmental body to act when a quorum is unavailable and immediate action is necessary for the public good, to enable the governmental body to perform its essential governmental functions. Thus, in Mayor of Everett v. Superior Court, 324 Mass. 144 (1949), the Supreme Judicial Court involved the rule to permit the mayor to remove the city’s license commissioners for alcoholic beverages, where there was an abundance of evidence that the commissioners had been wrongfully licensing certain eating establishments which lacked the proper equipment and facilities for food service. The Court held that, regardless of the demonstrated personal bias and prejudice of the mayor against the commissioners, he was the only person permitted by statute to remove them or to appoint new commissioners, so that the public good required that he be permitted to act in spite of the bias which would otherwise disqualify him. The Court said (at 150-51):
Even if the mayor was biased or prejudiced against the commissioners, that fact would not disqualify him from preferring charges, conducting a hearing, and ordering the removal of the commissioners if the evidence was sufficient to support his action. It would be strange if officers shown to be remiss in the performance of their duties could enjoy immunity from a termination of their services simply because the only removing authority was biased or prejudiced against them The public interest is not so easily rendered helpless to protect itself. An executive officer or an administrative board upon whom alone the power of removal has been conferred is not prevented by reason of bias or prejudice from removing anyone whose conduct has merited his severance from the public service. (Emphasis added.)
See also Moran v. School Committee of Littleton, 317 Mass., 591, 593-94 (1945) (members of a school committee who were biased against a teacher could still vote to remove him where there was independent evidence of the teacher’s misconduct, and disqualification would result in an incompetent teacher, or one unsuited because of improper behavior, being rendered immune from removal).
In this case, however, there is a material, disputed question whether Berube and Ogden acted out of public necessity for the common good, or acted in a retaliatory manner simply to avoid the environmental concerns and requirements of the Commission, and the fine it had imposed. In view of the alleged practice of the Town to permit members whose terms had *277 expired to continue on the Commission until they were replaced, there is, at the very least, a genuine issue of material fact regarding the propriety of defendants’ invocation of the “rule of necessity” in the circumstances of this case.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant Larry Ogden’s motion for summary judgment be ALLOWED as to Count I, and that defendants’ joint motion for summary judgment be DENIED as to Count II.

 While not passing upon defendant’s contention regarding Pelczarski’s alleged desire not to be reappointed, the court notes that Pelczarski has joined as a plaintiff.