# SUPPLEMENT.

Under the provisions of the Constitution of the Commonwealth contained respectively in c. 2, § 1, art. 10, and c. 1, § 1, art. 4, although the absolute power of appointing the Adjutant General is vested in the Governor, the Legislature may fix his term of office and determine the method of his removal.

The Legislature by Sts. 1912, c. 720, § 1, and 1908, c. 604, §§ 91, 101, having fixed the term of office of the Adjutant General and provided for his removal, the Governor as Commander-in-Chief has no power to remove the Adjutant General except as provided in those sections; nor have the Governor and Council acting as the executive department of the government any power to remove him.

A communication from the Governor and Council dated March 20, 1914, and containing the following question was submitted to the Justices of the Supreme Judicial Court, ·who on March 31, 1914, returned the answer which is subjoined.

Is chapter 720 of the Acts of 1912, relating to the term of office of the Adjutant General, unconstitutional in that it is an interference with or a usurpation of the powers of the Commander-in-Chief or the Executive Department?

To his Excellency the Governor and the Honorable Council of the Commonwealth of Massachusetts:

The requirement of the Constitution that the Justices of the Supreme Judicial Court give opinions to the Governor and Council "upon important questions of law, and upon solemn occasions," has been construed to mean that such opinions may be required only respecting pending matters, in order that assistance may be gained in the performance of present duties. *Opinion of the Justices,* 186 Mass. 603, 608; 211 Mass. 630, 631. Therefore, in answering the question in your communication of March 20, 1914, it is assumed that his Excellency the Governor, as Commander-in-Chief, or the Governor and Council acting as the Executive Department of the government, have under serious · consideration the exercise of the power of removal of the Adjutant General from office if empowered so to do.

The substance of the question is whether under the Constitution the Governor as Commander-in-Chief, or the Governor and Council acting as the Executive Department of the government have, the unqualified power to remove the Adjutant General from office, or whether the General Court have the power to fix the term of his office and the manner of his removal.

The power to appoint the Adjutant General is conferred by the Constitution, c. 1, § 1, art. 10, in these words: "The Governor shall appoint the Adjutant General." If these words stood alone, the power to remove might be inferred from the power to appoint. See *In re Hennen*, 13 Pet. 230, 259. Power to remove a public officer is not a necessary and inherent incident of the authority to appoint. Frequently they are disjoined.

But the Constitution contains another pertinent provision. In c. 2, § 1, art. 4, are these words: "And further, full power and authority are hereby given and granted to the said General Court, from time to time . . . to set forth the several duties, powers, and limits, of the several civil and military officers of this Commonwealth." Manifestly the Adjutant General is one of the "military officers" of the Commonwealth. The word "limits" as applied to military officers in this clause in connection with the other jurisdictional words used, includes the right to fix the tenure of office and manner of removal. It means boundaries as to time as well as to duty in service and power in command. The Legislature thus is clothed with authority to establish by general law the terms of office for all in the military arm of the service of the Commonwealth.

Where the Constitution creates an office but makes no provision for the period of its term or the method of removal from it, the power of the Legislature to act in the public interests in these respects is well settled. *Opinion of the Justices*, 117 Mass. 603. *Wales* v. *Belcher*, 3 Pick. 508.

The Legislature had the power touching such an office to lengthen or shorten its tenure during the incumbency of an appointee, and thereby extend or abbreviate the term from what it was when he first was appointed. *Taft* v. *Adams*, 3 Gray, 126. *Barnes* v. *Mayor of Chicopee*, 213 Mass. 1.

These two provisions of the Constitution are harmonious. The absolute power of appointing the Adjutant General is vested

in the Governor. But the Legislature may fix his term of office and determine the method of his removal. Each of these functions is independent of the other. Both may coexist in the same instrument without conflict between the executive and legislative departments.

There is nothing inconsistent with this conclusion in Article IV of the Amendments to the Constitution to the effect that "All officers commissioned to command in the militia may be removed from office in such manner as the Legislature may, by law, prescribe." Indeed that amendment is confirmatory of the conclusion here reached.

The Legislature has acted by fixing the term of office of the Adjutant General at five years and providing for his removal. Sts. 1912, c. 720, § 1; 1908, c. 604, §§ 91, 92, 101. R. L. c. 18, § 2, which empowers the Governor to remove any officer appointed by him unless otherwise provided by law applies only to those in the civil service.

The power of Congress to legislate respecting removal of officers from the army and to limit the unrestrained powers of the President in that regard seems to be recognized in *Blake* v. *United States,* 103 U. S. 227, *United States* v. *Corson,* 114 U. S. 619, and *Hartigan* v. *United States,* 196 U. S. 169. See however *Parsons* v. *United States,* 167 U. S. 324. But whatever may be the respective powers of the President and Congress under the Federal Constitution and the practice which has grown up under it, the broad terms of the grant of legislative power to our General Court leaves no doubt as to its authority to enact St. 1912, c. 720.

It follows that, since the General Court has acted in the premises, neither the Governor as Commander-in-Chief nor the Governor and Council as the Executive Department (except as provided in St. 1908, c. 604, §§ 91 and 101,) have power to remove the Adjutant General, and that the question propounded must be answered in the negative.

ARTHUR P. RUGG.
JOHN W. HAMMOND.
WILLIAM CALEB LORING.
HENRY K. BRALEY.
HENRY N. SHELDON.
CHARLES A. DE COURCY.
JOHN C. CROSBY.