COMMISSIONER OF ADMINISTRATION *vs.* LEONARD A. KELLEY.

Suffolk. March 10, 1966. — April 4, 1966.

Present: WILKINS, C.J., SPALDING, CUTTER, SPIEGEL, & REARDON, JJ.

*Executive Office for Administration and Finance. Equity Jurisdiction,* Declaratory relief, Proceeding against Commonwealth. *Equity Pleading and Practice,* Parties, Declaratory proceeding.

In a suit in equity by the Commissioner of Administration for declaratory relief, there was no error in allowance of a motion by a successor Commissioner to be substituted as plaintiff for the original plaintiff. [502]

An actual controversy which would be terminated by a declaratory decree was shown in a suit by the Commissioner of Administration for such relief where it appeared that prior to the enactment of St. 1962, c. 757, the defendant had become Director of Personnel and Standardization, that, notwithstanding the abolition of the defendant's position by c. 757 and efforts of the Commissioner to appoint another person to the position of Director in the Bureau of Personnel newly created by c. 757, the defendant still purported to do acts as the Director of that bureau and received the salary of the position, and that the Commissioner was challenging the defendant's status in the new Executive Office for Administration and Finance, including challenging the constitutionality of a provision of St. 1963, c. 837, § 2, purporting in effect to transfer and appoint the defendant to the position of Director in the new bureau. [504–505]

A suit in equity by the Commissioner of Administration challenging the status of the defendant as purported Director of Personnel and Standardization in the Bureau of Personnel and seeking a declaratory decree as to the Commissioner's right, with the approval of the Governor and Council, to appoint someone other than the defendant to the position was not against the Commonwealth, nor was the Commonwealth a necessary party, and the suit did not fail on such grounds, nor did it fail on the ground that the Governor and Council were necessary parties. [506]

BILL IN EQUITY filed in the Supreme Judicial Court for the county of Suffolk on March 10, 1964.

A motion for substitution of parties was allowed by *Kirk,* J., who reserved and reported the suit without decision.

*William C. Madden* for the defendant.

*Henry M. Leen,* Special Assistant Attorney General, for the plaintiff.

WILKINS, C.J.   The individual, who, on March 10, 1964, was Commissioner of Administration for the Commonwealth, brought this bill for a decree under G. L. c. 231A declaring whether he had a right to appoint someone other than the defendant to the office of Director of Personnel and Standardization.   On January 7, 1965, John J. McCarthy succeeded the original plaintiff as Commissioner of Administration and moved that his name be substituted as the plaintiff.   On March 8, 1965, the single justice allowed the motion, and the defendant excepted.   There was no error.   G. L. (Ter. Ed.) c. 231, § 51.   The new commissioner became a party to the controversy when he assumed the office.   The defendant's contention that the former commissioner, who no longer has an interest in the proceedings, should be left in the case as the party plaintiff is an obstructionist tactic against the public interest, and is frivolous.   See Rule 21 of the Rules for the Regulation of Practice at Common Law and in Equity (1952), 328 Mass. 714.   See also *Doherty* v. *Commissioner of Admn.* 349 Mass. 687.

The case is here also on a reservation and report without decision by the single justice of questions of law on the bill for declaratory relief, as amended, and the demurrer.

The bill makes these allegations.   By appointment of the Governor, the plaintiff holds the office of Commissioner of Administration established by G. L. c. 7, § 4, as appearing in § 4 of St. 1962, c. 757, here called the Reorganization Act. The defendant, a veteran as defined in G. L. c. 31, § 21, took office on December 29, 1960, as Director of Personnel and Standardization pursuant to G. L. c. 7, §§ 5, 6, as then in effect, by appointment by the then Commissioner of Administration (whose term expired on January 5, 1961) with the approval of the Governor and Council.   The Reorganization Act, which became law on January 3, 1963, struck out G. L. c. 7, §§ 2, 3, 3A, 4, 5, 5A, 5B, and 6, and substituted new §§ 2, 3, 4, 4A, 4B, 4C, 4D, 5, and 6.   Before the effective date of the Reorganization Act, § 5 provided, "There shall be directly under the commission [on Administration

and Finance] a division of personnel and standardization, in charge of a director of personnel and standardization"; and § 6 provided that the Commissioner of Administration "shall, with the approval of the governor and council, appoint, and fix the salary of, the director of personnel and standardization and may, with like approval, remove him."

After the effective date of the Reorganization Act the Commission on Administration and Finance and the Division of Personnel and Standardization ceased to exist. In their place G. L. c. 7 created (a) the Executive Office for Administration and Finance (§ 2); within the executive office (b) a fiscal affairs division headed by a deputy commissioner (§ 4A); and within the fiscal affairs division (c) a bureau of personnel headed by a Director of Personnel and Standardization (§ 4B).

Other provisions of the Act are alleged in the bill. The Commissioner of Administration shall be appointed by the Governor, without the approval of the Executive Council, shall serve at the pleasure of the Governor, and "shall act as the executive officer of the governor . . . within the executive department of the government of the commonwealth." He shall be "the executive and administrative head" of the Executive Office for Administration and Finance, "and every division, bureau, section and other administrative unit and agency within the said office, other than the comptroller's division and the purchasing agent's division, shall be under his direction, control and supervision" (§ 4).

The Director of Personnel and Standardization "shall . . . be appointed by the commissioner, with the approval of the governor and council, and may be removed, for cause, in like manner; shall be a person of ability and experience, and shall devote his entire time to the duties of his office . . ." (§ 4B).

The office held by the defendant immediately prior to the Act was not classified under G. L. c. 31, and he had no tenure in such office by reason of G. L. c. 30, § 9A.

On April 23, 1963, the plaintiff appointed a person other than the defendant to the office of Director of Personnel

and Standardization and submitted the appointment to the Governor for approval by the Governor and Council. To date no action has been taken. Since January 3, 1963, the defendant has received the salary of Director of Personnel and Standardization and has signed official documents over that title.

Item 0441–10 of St. 1963, c. 837, § 2, the supplemental Appropriation Act, provided that "notwithstanding the provisions of any general or special law to the contrary, the incumbent of position 0001 in appropriation account 0445–01 on January second, nineteen hundred and sixty-three, shall be deemed on January third, nineteen hundred and sixty-three, to have been transferred to the bureau of personnel and shall continue in office unless removed for cause as provided" in G. L. c. 7, § 4B. Position 0001 in appropriation account 0445–01 was the position of Director of Personnel and Standardization, and the defendant was the incumbent on January 2, 1963.

The bill alleges that an actual controversy exists between the plaintiff and the defendant concerning the present status of the defendant in the Executive Office for Administration and Finance, and the right of the plaintiff as Commissioner of Administration to appoint a person other than the defendant to the office of Director of Personnel and Standardization.

There are eight grounds of demurrer, none of which is good. The first is that there is no actual controversy between the commissioner and the director, but only a difference of opinion. This contention ignores many of our decisions, and arises from the assertion that the commissioner can only recommend the approval of a person as director; and that if the Governor and Council do not approve, the commissioner can only make another recommendation. This argument fails to comprehend that the plaintiff is challenging the present status of the defendant in the Executive Office of Administration and Finance. *School Comm. of Cambridge* v. *Superintendent of Schs. of Cambridge,* 320 Mass. 516, 518–519. *Povey* v. *School Comm. of Medford,* 333 Mass. 70, 71–72.

In 1960 the defendant was appointed to a position from which he could be removed by the commissioner with the consent of the Governor and Council. This position was abolished effective January 3, 1963, and the defendant pretends to be the holder of the office then newly created. Since its creation he has collected the salary, and continues to act, insisting that he may be removed only for cause. The plaintiff challenges the validity of appropriation item 0441-10 and the right of the defendant to the office, and seeks to displace the defendant by making another appointment with the consent of the Governor and Council. There is an actual controversy between the parties as to which it is mandatory upon the courts under G. L. c. 231A, § 1, to make a declaration "of right, duty, status and other legal relations." The purpose of c. 231A, as set forth in § 9, "is to remove, and to afford relief from, uncertainty and insecurity" in these respects. *City Manager of Medford* v. *Civil Serv. Commn.* 329 Mass. 323, 331. *Jacobson* v. *Parks & Recreation Commn. of Boston,* 345 Mass. 641, 645. *Fenestra, Inc.* v. *Mared Bldg. Prod. Inc.* 349 Mass. 734, 735–736.

One reliance of the plaintiff is the unconstitutionality of St. 1963, c. 837, § 2, which purported to transfer and, in a sense, to appoint the defendant to the new position, in violation of art. 30 of the Declaration of Rights of the Constitution of the Commonwealth which contains the prohibition that "the legislative department shall never exercise the executive . . . powers." The creation of a public office is a legislative function, but the appointment of a particular person to an office is the function of the executive department. *Murphy* v. *Webster,* 131 Mass. 482, 488. *Opinion of the Justices,* 302 Mass. 605, 620–621, 623. *Opinion of the Justices,* 303 Mass. 615, 623. See *Opinion of the Justices,* 208 Mass. 610, 613.

In the light of this constitutional contention, the resolution of the controversy "does not depend on any future events or contingencies." *School Comm. of Cambridge* v. *Superintendent of Schs. of Cambridge,* 320 Mass. 516, 520.

The remaining grounds of demurrer in one way or another attack the absence of the Commonwealth or of the Governor and Council as parties.

The second ground is that this is "a suit against the Commonwealth and has not been instituted in accordance with G. L. c. 258." The brief answer to this is that this suit does not purport to be, and is not, against the Commonwealth.

The third ground is, "The proceeding being . . . for a declaratory judgment is not available against the Commonwealth." This contention seems to rest on the erroneous assertion that the Commonwealth is a "necessary" party as suggested in the defendant's brief, or an "indispensable" party as claimed in the seventh ground of the demurrer.[1] The case of *Ward* v. *Comptroller of the Commonwealth,* 345 Mass. 183, is not an authority for the defendant. That case deals with the necessary presence of the Commonwealth as a party in the determination of an issue which relates to the withholding of payments on demands against the Commonwealth, it not being the function of the Comptroller to direct such withholding.

The fourth ground[2] is similar and fails for the same reason. The case of *Executive Air Serv. Inc.* v. *Division of Fisheries & Game,* 342 Mass. 356, related to title to land of the Commonwealth (page 358). See *Long Island Painting Corp.* v. *Beacon Constr. Co. Inc.* 345 Mass. 567, 571.

The eighth ground of demurrer, that the Governor and Council are indispensable parties, is lacking in citation of authority the same as are most of the defendant's contentions. The Governor and Council have no function to perform, and no interest to be affected by the declaration to be made. See G. L. c. 231A, § 8. This ground merits no further discussion.

---

[1] "It appears from the petition that the Commonwealth is an indispensable party."

[2] "The Commonwealth cannot be sued in a proceeding under G. L. c. 231A, and since it is a necessary party to any proceeding relating to contentions by one public officer of the Commonwealth against another public officer of the Commonwealth as to the boundaries of their respective powers in said public offices, this suit cannot be maintained."

There being no report of the answer, no arguments have been made on the merits, and we do not discuss them.

The exceptions are overruled. An interlocutory decree is to enter overruling the demurrer.

*So ordered.*