COMMISSIONER OF ADMINISTRATION *vs.* LEONARD A. KELLEY.

Suffolk.   January 4, 1967. — February 6, 1967.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & SPIEGEL, JJ.

*Executive Office for Administration and Finance. Commonwealth,* Officers and employees. *Public Officer. Constitutional Law,* Separation of powers.

The so called Reorganization Act, St. 1962, c. 757, establishing the Executive Office for Administration and Finance and a Fiscal Affairs Division thereunder which included a Bureau of Personnel to be headed by a Director, and abolishing the Commission on Administration and Finance and the Division of Personnel and Standardization thereunder headed

by a Director, did not expressly or by implication provide continuity of employment for the incumbent Director, and the Commissioner of Administration under the Reorganization Act was entitled to appoint another person to the new office of Director where it appeared that such incumbent had no civil service or veteran's tenure on the effective date of the Reorganization Act and had not been appointed to the new office, although he had performed the duties thereof after its establishment. [692, 695–696]

After the Legislature, by the so called Reorganization Act, St. 1962, c. 757, had established the Executive Office for Administration and Finance and the office therein of Director of the Bureau of Personnel, who was to be appointed by the Commissioner of Administration with the approval of the Governor and Council, and had abolished the Commission on Administration and Finance and the office therein of Director of the Division of Personnel and Standardization without providing for transfer of the incumbent of that office to the new office, a provision of St. 1963, c. 837, § 2, purporting in effect to transfer and appoint such incumbent to the new office violated art. 30 of the Declaration of Rights of the Constitution of Massachusetts. [696]

BILL IN EQUITY filed in the Supreme Judicial Court for the county of Suffolk on March 10, 1964.

The suit was reserved and reported by *Whittemore, J.,* without decision.

*Henry M. Leen,* Special Assistant Attorney General, for the plaintiff.

*James W. Kelleher* for the defendant.

WHITTEMORE, J. The plaintiff in this bill in equity seeks a ruling that he may appoint a person other than the defendant as Director of Personnel and Standardization. Anthony P. DeFalco, appointed by the Governor as Commissioner of Administration on January 5, 1967, has on his motion been substituted as plaintiff by order of this court. See *Commissioner of Admn.* v. *Kelley,* 350 Mass. 501. That decision held that the bill states a controversy appropriate for declaratory relief under G. L. c. 231A and that the defendant's demurrer should be overruled. A master's report having been confirmed, a single justice reserved and reported the case without decision for determination on the report and the pleadings.

The defendant, a veteran as defined in G. L. c. 31, § 21, duly took office December 29, 1960, as Director of Personnel

and Standardization under G. L. c. 7, §§ 5 and 6, as then in effect, his appointment having been made by the then Commissioner of Administration with the approval of the Governor and the Executive Council.

The so called Reorganization Act (St. 1962, c. 757), by § 75, took effect January 3, 1963. The act made extensive changes in existing statutes, principally in G. L. c. 7, the scope of which is barely suggested by the change in the title of the chapter from "Commission on Administration and Finance" to "Executive Office for Administration and Finance." Section 74 of the new act provides: "The commission on administration and finance is hereby abolished." Section 72 provides for the continuance in office of the incumbents of certain offices not including the defendant's office. Section 73 provides for transfer to the service of the executive office of "[a]ll officers, deputies and employees of any board, office, agency, division, bureau, section or other administrative unit within, under or attached to the commission on administration and finance and the office of the state superintendent of buildings." These sections are quoted later in this opinion.

The plaintiff's predecessor in the new office of Commissioner of Administration, as newly constituted by G. L. c. 7, § 4 (inserted by the Reorganization Act, St. 1962, c. 757, § 4), on April 23, 1963, appointed to the position of Director of Personnel and Standardization a person other than the defendant. The Governor declined to approve any appointment to the office pending an opinion of the Attorney General. An opinion was received by the incumbent Commissioner on July 8, 1963. No further action has been taken with respect to an appointment to the position under the new statute. The defendant has continued to perform the duties of Director of Personnel and Standardization. In general, the functions that he carries out are the same as they were prior to the effective date of the Reorganization Act.

Prior to January 3, 1963, the statute provided (c. 7, § 2, as amended through St. 1948, c. 610, § 1) for a commission of four members, to serve directly under the Governor and

Council and for (§ 3, as amended through St. 1955, c. 730, § 3) one of the members to be appointed by the Governor, with the advice and consent of the Council, as chairman of the commission, to be designated and known as the Commissioner of Administration.  Certain provisions of the old §§ 4, 5A, 5B and 6C are summarized in the margin.[1]  Section 5 provided: "There shall be directly under the commission a division of personnel and standardization, in charge of a director of personnel and standardization."  Section 6 provided that the Commissioner of Administration "shall, with the approval of the governor and council, appoint, and fix the salary of, the director of personnel and standardization and may, with like approval, remove him."

The Reorganization Act (St. 1962, c. 757) by § 4 struck §§ 2, 3, 3A, 4, 5, 5A, 5B and 6 of G. L. c. 7, and substituted new sections 2, 3, 4, 4A, 4B, 4C, 4D, 5 and 6.  Thus there was established (§ 2) "the executive office for administration and finance, which shall serve directly under the governor and council" and (§ 3) "shall serve as the principal agency of the executive department" for "(1) Developing, co-ordinating, administering and controlling the financial policies and programs of the commonwealth; (2) Supervising the organization and conduct of the business affairs of the departments, commissions, offices, boards, divisions, institutions and other agencies within the executive department . . .; (3) Developing new policies and programs which will improve the organization, structure, functions, economy, efficiency, procedures, services and administrative practices of all such departments, commissions, offices,

---

[1] Section 4 (as amended through St. 1955, c. 730, § 4) organized the commission in three bureaus, a comptroller's bureau, a budget bureau and a purchasing bureau, each in charge of a commissioner of the commission other than the chairman, to be known respectively as the comptroller, the budget commissioner and the State purchasing agent.  Each of these officers was to be appointed by the Governor for a term of four years with the advice and consent of the Council.  Section 5A established under the commission a division of building construction with a director employed by the commission in a position subject to the provisions of c. 31 ("Civil Service").  Section 5B related to the powers and duties of the director of that division.  Section 6C of c. 7, inserted by St. 1953, c. 636, § 1, provided for a division of hospital costs in charge of a director and § 6D so inserted, and as amended by St. 1956, c. 198, provided that "The commissioner of administration shall appoint and may remove, in accordance with chapter thirty-one, said director of hospital costs and finances."

boards, divisions, institutions and other agencies.''

New § 4 of c. 7 provides for the appointment by the Governor of a Commissioner of Administration to serve at the pleasure of the Governor. Except in the case of the comptroller's division and the purchasing agent's division, "the commissioner shall be responsible for the exercise of all powers and the performance of all duties assigned by law to the executive office for administration and finance or to any division, bureau or other administrative unit or agency under the said office.'' The section makes him the executive and administrative head, and, with the same two exceptions, places "under his direction, control and supervision" all the subdivisions of the office. "He shall act as the executive officer of the governor in all matters pertaining to the financial, administrative, planning and policy coordinating functions and affairs of the departments, commissions, offices, boards, divisions, institutions and other agencies within the executive department of the government of the commonwealth.'' Other consistent broad powers are expressed.

The organization of the new executive office under the Commissioner is stated in §§ 4A to 6.[2] Section 4B creates in the new fiscal affairs division four specified bureaus in-

---

[2] Section 4A provides for a comptroller's division and a purchasing agent's division each in charge of a deputy commissioner appointed by the Governor for a term of three years and for a fiscal affairs division and a central services division each headed by a deputy commissioner appointed by the Commissioner with the approval of the Governor and Council to serve at the pleasure of the Commissioner. The Commissioner, except as to the comptroller's division and purchasing agent's division, is given the power to establish, abolish or merge "bureaus, sections and other administrative units not otherwise established by law.'' (For § 4B, see text and footnote 3.) Section 4C creates within the central services division a bureau of building construction headed by a director of building construction and a bureau of State buildings headed by a State superintendent of buildings, each appointed by the Commissioner with the approval of the Governor and Council and each removable for cause in like manner. (Prior to the Reorganization Act, G. L. c. 8, § 1, provided for "the superintendent of buildings'' who by § 2 was appointed by the Governor with the advice and consent of the Council for a term of three years. The Reorganization Act, by § 35, repealed § 2 of c. 8, and, by § 34, in place of § 1, substituted: "There shall be an officer to be known as the state superintendent of buildings .... who shall serve as the head of the bureau of state buildings in the central services division of the executive office for administration and finance established by chapter seven.'') Section 4D provides for the appointment of employees in the comptroller's division by the comptroller, in the purchasing agent's division by the purchasing agent, and "all [other] employees of the executive office . . .'' by the Commissioner.

cluding "a bureau of personnel, headed by a director of personnel and standardization."[3] The heads of the four specified bureaus "shall each be appointed by the commissioner, with the approval of the governor and council, and may be removed, for cause, in like manner . . . and none of the said offices shall be classified under chapter thirty-one [Civil Service]."

1. The Reorganization Act, by abolishing the department of government within which the defendant served, by providing for a substantially different department, and showing no intent for any continuity in office for the incumbent, abolished the defendant's position. *Commissioner of Admn.* v. *Kelley,* 350 Mass. 501, 505. *Taft* v. *Adams,* 3 Gray, 126, 130. *Williams* v. *New Bedford,* 303 Mass. 213, and cases cited. *Cullen* v. *Mayor of Newton,* 308 Mass. 578, 580.

The Reorganization Act constituted a comprehensive reform in respect of management functions formerly assigned in part to the Commission on Administration and Finance. The Commissioner of Administration under the new statute has powers and duties materially enlarged and changed from those assigned to the officer of the same title under the former statutes. The use of the same title does not obscure the fact that it is a different office. That most or all of the more limited functions of the old commission are functions of the new executive office and its executive head does not lessen the significance of the change. The new position of Director of Personnel and Standardization is within a new department and within a new organizational unit, the division of fiscal affairs. The incumbent is subject to a different tenure. As head of one of the four bureaus comprising the division of fiscal affairs, the new director occupies a position lower in rank than did the defendant,

---

[3] The other bureaus are a budget bureau, headed by a budget director, a management bureau, headed by a director of management, and a bureau of hospital costs and finances headed by a director of hospital costs and finances. This section also authorizes within the fiscal affairs division "such other administrative units as may be established in or assigned to the said division from time to time by the commissioner."

who, prior to the act, had been in charge of a division directly subordinate to the commission on administration and finance. Compare *Simonian* v. *Boston Redevelopment Authy.* 342 Mass. 573, 583.

The defendant has pointed out that the Reorganization Act specified in § 74 only the abolition of "[t]he commission on administration and finance," established subdivisions in the new executive office with the same or similar duties to those that existed under the commission, and provided for the transfer of incumbent officers and employees. He suggests that these provisions show an intention to continue the subdivisions as parts of the governmental structure notwithstanding the abolition of the "commission," with the effect of continuing all the offices and positions in all the subdivisions. We disagree. The expressed intent is only in respect of continuity of employment notwithstanding the creation of a new department. We see no implication of continuity of the old department into the new one beyond that necessary to support the expressed intent.

We rule that the Reorganization Act did not provide continuity of employment for the incumbent of the old office of Director of Personnel and Standardization or show an intent that there be such continuity.

Section 72 of the amending statute provides: "Notwithstanding the provisions of section three[4] of this act, the incumbents of the offices of comptroller, state purchasing agent and state superintendent of buildings immediately prior to the effective date of this act shall continue to serve as comptroller, state purchasing agent and state superintendent of buildings, respectively, until expiration of the term for which he shall have been appointed; and the incumbent of the office of budget commissioner shall, until expiration of the term for which he shall have been appointed, serve as the budget director established by this act; and such incumbent of the office of director of hospital costs,

---

[4] Statute 1962, c. 757, by § 3, amended G. L. c. 7, § 1, "by striking out the paragraph defining 'Commission' and inserting in place thereof the following paragraph: — 'Commissioner,' the commissioner of administration."

shall continue to hold his office in accordance with his appointment under chapter thirty-one.''

The omission of the office of Director of Personnel and Standardization from the specification of this section is controlling. An important reason for the omission is implicit in the difference in the term and tenure of the offices.[5] Four of the five officers named held office for limited terms. Continuing these officers for their original terms gave them no improved status. The Director of Hospital Costs, having Civil Service status under the old statute, was removable only for cause. Section 72 did not improve his substantive tenure.

In contrast, there was under the old statute no term of years for the office of Director of Personnel and Standardization, and no tenure. To have provided for his office on the basis applied to the other five officers would have continued him in an office from which he could at any time be removed by the Commissioner with the consent of the Governor and Council. But an intent that this official have the same status in the new department as in the old would have required an express provision to negative the effect of § 4B which gives the office new and different tenure; namely, that the incumbent is now removable only for cause.[6] To have

---

[5] A comparison of the offices, set out in the plaintiff's brief, is as follows:

| ''Office | [Term or Tenure] | |
| --- | --- | --- |
| | Old | New |
| Comptroller | 4 years | 3 years |
| State Purchasing Agent | 4 years | 3 years |
| State Superintendent of Buildings | 3 years | Removal for cause |
| Budget Commissioner (now 'Director') | 4 years | Removal for cause |
| Director of Personnel and Standardization | Removal by Commissioner with consent of Governor and Council | Removal for cause |
| Director of Hospital Costs | Civil Service | Removal for cause'' |

[6] See express provision in § 72 for the Director of Hospital Costs. We intend no suggestion as to the effect of the words ''in accordance with his appointment under chapter thirty-one.''

continued his old division into the new bureau and to have given him the status of the new director, removable only for cause, would have been disparate treatment. There is no indication of an intent to do that. The indication, as will appear in the following discussion of § 73, is to the contrary. The alternative was to let the old office expire with no provision for continuity. That appears to be the alternative adopted.

We turn to § 73.[7] Under this section, employees transferred are in three groups: (a) Employees holding civil service positions; (b) those with veterans' tenure under G. L. c. 30, § 9A, and (c) "[a]ll [other] officers, deputies and employees" holding positions not classified and not having veterans' tenure. The defendant did not come within either group (a) or (b). See point 2 below. If he were within the third group, he would have been transferred "without impairment of seniority, retirement, and other rights, without interruption of service within the meaning of . . . [c. 30, § 9A] and without reduction in [his] compensation and salary grade." This is not appropriate or adequate language to transfer the defendant into a position in which by definition he would have increased rights in respect of removal. Nor is the language appropriate or ade-

---

[7] Section 73. "All officers, deputies and employees of any board, office, agency, division, bureau, section or other administrative unit within, under or attached to the commission on administration and finance and the office of the state superintendent of buildings who immediately prior to the effective date of this act shall hold positions classified under chapter thirty-one of the General Laws, or shall have tenure in their positions by reason of section nine A of chapter thirty of the General Laws, are hereby transferred to the services of the divisions, bureaus, sections and other administrative units within the executive office for administration and finance which are established by this act or shall be established in accordance with this act, every such transfer to be without impairment of the civil service status, seniority, retirement and other rights of the employee, without interruption of his service within the meaning of the said chapter thirty-one or section nine A of chapter thirty, and without reduction in his compensation and salary grade, nothwithstanding any change in his title or duties made as a result of such transfer. All officers, deputies and employees of any such board, office, agency, division, bureau, section or other administrative unit who immediately prior to the said date shall, without such tenure, hold positions not so classified, are hereby transferred to the service of the said executive office for administration and finance without impairment of seniority, retirement, and other rights, without interruption of service within the meaning of the said section nine A of chapter thirty, and without reduction in compensation and salary grade."

quate to alter the express provisions of the new act that a person who holds the new position of Director of Personnel and Standardization can be removed only for cause. The section does not purport to transfer anyone into any particular position, or without change of position. The restriction in this respect is only "without reduction in compensation and salary grade."

Failing as a transfer of the defendant into the new position, the application of § 73 is not of direct concern. Read alone, the section describes a group for transfer that would include the defendant. But it may not be construed out of context, and we do not suggest that it has served to transfer the defendant into a group of unassigned personnel.

2. The defendant has no rights under the Civil Service or veterans' tenure statutes. The defendant had no Civil Service or veterans' tenure on the effective date of the Reorganization Act. His appointment was subject to approval by the Governor and Council; hence he could not be classified under Civil Service. G. L. c. 31, § 5. Veterans' tenure (G. L. c. 30, § 9A) applies to a veteran as defined in c. 31, § 21, "who holds an office or position in the service of the commonwealth not classified under said chapter thirty-one, other than . . . [inapplicable exceptions] and has held such office or position for not less than three years." As noted, the defendant took the oath of office on December 29, 1960; the Reorganization Act took effect January 3, 1963.

The defendant did not occupy his former office after January 3, 1963. He has not been appointed to the new position. Even if he were a holdover in the same office it does not appear that he would acquire tenure. *Opinion of the Justices,* 275 Mass. 575, 579. "[A] holding over for convenience . . . confers no right for any defined period. It is not a part of the necessary tenure of his office." Compare *Opinion of the Justices,* 216 Mass. 605. The defendant was not a holdover in office. He was without legal right to the new office at any time. His de facto position in performing the duties of the new office gave him no basis for acquiring any legal interest therein or rights un-

der the statutes applying to those in the service of the Commonwealth.

3.   The defendant relies on St. 1963, c. 837, § 2,[8] an appropriation act.   This enactment violated art. 30 of the Declaration of Rights of the Constitution of the Commonwealth which provides that "the legislative department shall never exercise the executive . . . powers." *Commissioner of Admn.* v. *Kelley,* 350 Mass. 501, 505, and cases cited.   We assume, without deciding, that the General Court in a reorganization bill may provide for certain continuity of employment, with preservation of existing employment status, thus limiting the superseding effect of the new statute.   See point 1, *supra.*   But having abolished the old office without provision for transfer, the General Court, in any event, had no power thereafter to fill the new office.

*Opinion of the Justices,* 216 Mass. 605, in respect of the power of the Legislature to provide for the term of office of an Adjutant General who, as can be shown, was in fact a holdover in office, lends no support to a different conclusion.   We note that this aspect of the official's incumbency was not expressly considered.   The opinion, in any case, does not suggest that this power would extend to a de facto occupant of an office, acting therein without legal right.

4.   A final decree is to enter declaring that the plaintiff may appoint to the office of Director of Personnel and Standardization a person other than the defendant.

*So ordered.*

---

[8] "Item 0441–10 of section two of chapter five hundred of the acts of the current year is hereby amended by . . . adding at the end thereof the following: . . . notwithstanding the provisions of any general or special law to the contrary, the incumbent of position 0001 in appropriation account 0445–01 on January second, nineteen hundred and sixty-three, shall be deemed on January third, nineteen hundred and sixty-three, to have been transferred to the bureau of personnel and shall continue in office unless removed for cause as provided in section four B of chapter seven of the General Laws." Position 0001 in appropriation account 0445–01 was the position of Director of Personnel and Standardization, and the defendant was the incumbent on January 2, 1963.