JOHN N. WILSON *vs.* BROOKLINE HOUSING AUTHORITY. April 30, 1981. The plaintiff was dismissed as assistant executive director of the Brookline Housing Authority, and he sought injunctive relief and damages. We affirm the summary judgment for the defendant entered in the Superior Court. 1. The plaintiff's general allegations of "bad faith" are insufficient to bring the case within the principle of *Fortune* v. *National Cash Register Co.*, 373 Mass. 96, 104-105 (1977), where we held that an

employer may not in bad faith discharge an employee, employed at will, so as to prevent the employee from earning commissions which would have been payable in the normal course. See *Cheney* v. *Automatic Sprinkler Corp. of America,* 377 Mass. 141, 148-149 (1979). Cf. *A. John Cohen Ins. Agency, Inc.* v. *Middlesex Ins. Co.,* 8 Mass. App. Ct. 178, 182-183 (1979) (inadequate showing of "bad faith"); *Petermann* v. *International Bhd. of Teamsters,* 174 Cal. App. 2d 184, 189 (1959) (discharge for refusal to commit perjury); *Frampton* v. *Central Ind. Gas. Co.,* 260 Ind. 249, 253 (1973) (discharge for filing worker's compensation claim); *Monge* v. *Beebe Rubber Co.,* 114 N.H. 130, 133 (1974) (discharge for refusal to accept sexual advances). The plaintiff had served for less than five years and did not have tenure under G. L. c. 121B, § 29. Such an employee serves at the will of the appointing authority. *DeCanio* v. *School Comm. of Boston,* 358 Mass. 116, 123-124 (1970), appeal dismissed sub nom. *Fenton* v. *School Comm. of Boston,* 401 U.S. 929 (1971). Apart from statute, he could not complain of a termination without stated reason. *Costa* v. *Selectmen of Billerica,* 377 Mass. 853, 857 n.6 (1979). The general rule is that courts do not sit in judgment on the motives of administrative officers, acting in purely administrative matters, and overturn action found to have been taken in "bad faith." *Kelley* v. *School Comm. of Watertown,* 330 Mass. 150, 153 (1953). 2. The plaintiff and another were appointed in 1978 "to serve . . . until the next Annual Meeting and/or until their successors are appointed." He held over after the 1979 annual meeting by virtue of votes to postpone consideration of his continued employment. In this situation he served at the will of the appointing authority. See *Opinion of the Justices,* 275 Mass. 575, 579-580 (1931); *Commissioner of Administration* v. *Kelley,* 351 Mass. 686, 695 (1967). 3. Bias on the part of members of the appointing authority does not prevent the authority from exercising its power to remove an employee. *Mayor of Everett* v. *Superior Court,* 324 Mass. 144, 151 (1949). The alleged facts that Robinson, a member of the authority, was a member of the labor union representing the authority's employees, that the plaintiff frequently represented the authority in negotiations with the union, and that union officials exerted pressure on Robinson to remove the plaintiff would not require Robinson to abstain from voting.

*Judgment affirmed.*

*Robert I. Tatel* for the plaintiff.
*Sandra L. Lynch* for the defendant.