Garsh, J.
Plaintiff, Martin Mclsaac (“Mclsaac”), has appealed, pursuant to G.L.c. 30A, §14, from a decision of the Massachusetts Civil Service Commission (“Commission”) upholding the decision of the Board of Selectmen of the Town of Pembroke (“Board”) to terminate his employment with the Town of Pembroke Police Department (“Department”) for conduct unbecoming a police officer in violation of Article G(l) of Department Regulations (the “Regulation”). The plaintiff challenges the Commission’s decision on the grounds that the standard set forth in Article G(l) is unconstitutionally vague and overbroad. Alternatively, Mclsaac contends that the Commission’s decision was not supported by substantial evidence, and that it is arbitrary and capricious, and otherwise not in accordance with law. For the reasons set forth below, the decision of the Commission is affirmed.
BACKGROUND
Mclsaac has been a police officer for the Town of Pembroke since 1980. In 1989, he was placed on injured leave pursuant to G.L.c. 41, §11 IF, following a back injury sustained in the performance of his duties. While on leave and living in the Town of Hanover with his brother, on July 20, 1991, Mclsaac hosted a cookout at their home from approximately 2:00 p.m. to 7:30 p.m.
Throughout that day, Mclsaac consumed alcohol until his girlfriend suggested to his broither that he put Mclsaac to bed. Thereafter, Mclsaac’s brother pushed him onto his bed and in doing so, the mattress became dislodged and Mclsaac’s registered .38 caliber handgun fell to the floor. Mclsaac and his brother simultaneously reached for the gun. The gun discharged, injuring the brother in the forearm.
When Hanover Police Department officers arrived at the scene, Mclsaac was verbally abusive to them, calling them “pigs,” and “a bunch of pussies,” and offering to “take them on one at a time.” Mclsaac was placed in protective custody and taken to the Hanover Police Station in handcuffs where he spent the night in a cell. The next morning, he apologized to the Hanover officers for his behavior.
A hearing was held on August 26, 1991 before the Board. Before the scheduled date for the hearing, Mclsaac requested, pursuant to G.L.c. 31, §41A, that the Board assent to a hearing before a disinterested hearing officer designated by the Chairman of the Commission in lieu of a hearing before the Board. The Board did not assent to that request.
Following the hearing, the Board terminated the employment of the plaintiff as a police officer for violating Article G(l) of the Department Regulations. That provision, under the heading “PROHIBITED CONDUCT,” prohibits “Conduct unbecoming an Officer — The commission of any specific act or acts of immoral, improper, disorderly or intemperate personal conduct which reflects discredit upon the officer himself, upon his fellow officers or upon the Police Department.”
Mclsaac appealed the decision of the Board to the Commission and a hearing was held before an Administrative Magistrate. The Administrative Magistrate concluded that plaintiffs actions did rise to the level of conduct unbecoming a police officer. However, she stated that the discipline of discharge was too harsh and recommended that it be modified to a thirty-day suspension. After review of the record, the Commission voted on February 10, 1992, to adopt the findings of the Magistrate, but not her recommendation. The Commission affirmed the action of the Board as “Appointing Authority” in discharging the plaintiff.
DISCUSSION
The party appealing an administrative decision bears the burden of demonstrating the decision’s invalidity.[2] Merisme v. Board of Appeals on Motor Vehicle Liability Policies & Bonds, 27 Mass.App.Ct. 470, 474 (1989); Faith Assembly of God v. State Building Code Commission, 11 Mass.App.Ct. 333, 334 (1981), citing Almeida Bus Lines, Inc. v. Department of Public Utilities, 348 Mass. 331, 342 (1965). In reviewing an agency’s decision, the court is required to give due weight to the agency’s experience, technical competence, specialized knowledge, and the discretionary authority conferred upon it by statute. Flint v. Commissioner of Public Welfare, 412 Mass. 416, 420 (1992); Seagram’s Distiller Co. v. Alcoholic Beverages Control Commission, 401 Mass. 713, 721 (1988). The reviewing court may not substitute its judgment for that of the agency. Southern Worcester County Regional School District v. Labor Relations Commission, 386 Mass. 414, 420-21 (1982), citing Olde Towne Liquor Store, Inc. v. Alcoholic Beverages Control Commission, 372 Mass. 152, 154 (1977).[3]Acourt may not overturn an administrative agency’s choice between two conflicting views, even though the court justifiably would have made a different choice had the matter come before it de novo. Zoning Board of Appeals v. Housing Appeals Commission, 385 Mass. 651, 657 (1982).
I. Constitutionality of the Regulation
The Regulation is entitled to the same “presumption of legislative validity” that would attach to any other *259 legitimate egression of a state’s police power. Kelley v. Johnson, 425 U.S. 238, 247 (1976) (regulation limiting length of policemen’s hair held not to violate any right guaranteed by the fourteenth amendment to the United States Constitution). The Town of Pembroke has legitimate interests in developing “discipline, esprit de corps, and uniformity,” id. at 246, and in maintaining public acceptance of its police department. Regulations intended to prevent potentially damaging behavior of police officers are a vital way of protecting these interests.
Mclsaac does not assert — nor could he — a constitutional right, while off-duty, negligently to discharge a firearm while intoxicated or to be verbally abusive to investigating police officers. Instead, Mclsaac claims that the Regulation cannot be applied to him because it is unconstitutionally vague. “The root of the vagueness doctrine is a rough idea of fairness.” Colten v. Kentucky, 407 U.S. 104, 110 (1972). We are not dealing here with a statute of general application, but one written specifically for law enforcement officials. The vagueness of a particular regulation must be considered “with reference to the factual situation to which it applies.” Planned Parenthood League v. Operation Rescue, 406 Mass. 701, 715 (1990). Given this particular context, the Regulation provides “fair notice to those to whom [i]t is directed.” Grayned v. City of Rockford, 408 U.S. 104, 112 (1972) (ordinance prohibiting the making of noise which “tends to disturb the peace or good order” of school session not unconstitutionally vague). Mathematical certainty is not required. Id. at 110. Factors that may be considered include whether the language at issue has any “settled usage or tradition of interpretation in law.” Gentile v. State Bar of Nevada, 111 S.Ct. 2720, 2731 (1991).
Regulation survives Mclsaac’s challenge. Kannisto v. City and County of San Francisco, 541 F. 2d 841 (9th Cir. 1976), cert. denied, 430 U.S. 931 (1977) (similar police department regulation held not unconstitutionally vague as applied to conduct by an officer who made disparaging remarks to his subordinates about a superior officer). Mclsaac hardly was trapped by lack of fair warning. The specter of an officer drinking to the point of having to be put to bed, leading to a potentially lethal firearm discharge, and the compounding by that officer of his misconduct by the hurling of verbal abuse at fellow officers surely is likely to diminish substantially the Department’s reputation within the community. Indeed, Section G(6) of the Department’s Regulations specifically prohibit “Discourtesy — Being rude, impolite, contemptuous or insolent to a superior officer, to a fellow officer or to a member of the public.” In addition to calling into question Mclsaac’s ability and fitness to perform his official responsibilities, his actions also predictably would impact adversely the Department’s discipline and morale. That the discharge of Mclsaac’s firearm was accidental and that his brother was injured, but not killed, does not require a different result. Police routinely must confront the consequences of accidental discharges of firearms resulting from substance abuse, alcohol or otherwise. The public and the Department are entitled to insist that police officers will not engage in such conduct and that, even in their off-du1y hours, they will display respect to police officers carrying out their responsibilities. Moreover, the essence of the Regulation has been captured in the decisional law of the Commonwealth. E.g., Mayor of Newton v. Civil Service Commission, 333 Mass. 340, 343 (1955) (circumstances attending the arrest of an intoxicated police officer not in uniform and not on duty, who became involved in an argument with third person, warranted conclusion that his conduct had been unbecoming an officer and justified his discharge from the police department); Daley v. District Court, 304 Mass. 86, 97-98 (1939) (operation of automobile by police officer under the influence of alcohol held to be conduct unbecoming an officer, which justified his removal, although he was not in uniform or performing the duties of his office when such conduct occurred); accord Police Commissioner v. Civil Service Commission, 22 Mass.App.Ct. 364, 371 (1986) (“Police officers must . . . behave in a manner that brings honor and respect for rather than public distrust of law enforcement personnel...”).
Because the Regulation clearly applies to Mclsaac’s conduct, he cannot challenge it for facial vagueness. Parker v. Levy, 417 U.S. 733, 757 (1974) (“Since appellee could have had no reasonable doubt that his public statements . . . were both ‘unbecoming an officer and a gentlemen,’ and ‘to the prejudice of good order and discipline in the armed forces,’ . . . his challenge to [those terms] as unconstitutionally vague . . . must fail”). See also Allen v. City of Greensboro, 452 F.2d 489, 491 (4th Cir. 1971) (police officer may not challenge vagueness of regulation prohibiting conduct “unbecoming an officer and a gentlemen” when his own conduct properly could have been subjected to departmental disciplinary action even in the absence of any such regulation). Accord, Solimento v. State Racing Commission, 400 Mass. 397, 404-05 (1987) (argument that statute permitting race track licensor to exclude from track any person “whose presence is detrimental... to the proper and orderly conduct of a racing meeting” is unconstitutionally void for vagueness rejected where it was reasonably foreseeable that challenger’s activities would be considered “detrimental”).
The factual background here is quite different from Bence v. Breier, 501 F.2d 1185 (7th Cir. 1974), the case upon which Mclsaac relies. In Bence, the regulation at issue proscribed conduct “unbecoming” and “detrimental” to a police department; it also enumerated thirty specific grounds for termination or punishment, each of which presumably constituted unbecoming conduct, and none of which explicitly prohibited the *260 activities there at issue. Id. at 1187-88. Moreover, the conduct which triggered the vagueness challenge in Bence consisted of nothing more than two officers sending a letter to the city’s labor negotiator outlining a proposed bargaining demand and the posting of that letter on various bulletin boards. Id. at 1193. In that context, the court found the regulation at issue there both unconstitutionally vague on its face and its application in those circumstances to be constitutionally impermissible. Id. at 1193.
Mclsaac fares no better by citing the doctrine of overbreadth. This case does not present any confrontation between the values of free speech and the Department’s need to maintain morale, discipline, and community respect. Mclsaac makes no claim that his own conduct was protected by the First Amendment. Although one can conceive of “marginal applications” in which the Regulation might be applied so as to infringe on First Amendment values, “facial invalidation is inappropriate if the ‘remainder of the [regulation] covers a whole range of easily identifiable and constitutionally proscribed . . . conduct . . .’ ” Id. at 760. See also Broadrick v. Oklahoma, 413 U.S. 601, 615 (1973) (“where conduct and not merely speech is involved” the overbreadth must “not only be real, but substantial as well, judged in relation to the statute’s plainly legitimate sweep”).
II. Evidence Relied Upon by the Commission
A reviewing court may not substitute its judgment for that of the agency. Southern Worcester County, supra at 420. “Substantial evidence” is “such evidence as a reasonable mind might accept as adequate to support a conclusion.” G.L.c. 30A, §1(6). This court finds substantial evidence in the record to support the Commission’s conclusion that there was “reasonable justification for the action taken by the Appointing Authority.” Although the discharge of the gun was accidental and occurred in Mclsaac’s home, the Administrative Magistrate found that it was the result of negligence by an intoxicated police office. Equally important, she found the intoxicated use of profanity by Mclsaac when the Hanover police entered his home. These facts, she concluded, rise to the level of conduct unbecoming a police officer. Police officers must do more than “refrain from indictable conduct.” Police Commissioner v. Civil Service Commission, 22 Mass.App.Ct. at 371.
The issue before the Commission was not whether it would have chosen the same sanction as the appointing authority but only whether there was reasonable justification for the action taken by the appointing authority. Watertown v. Arria 16 Mass.App.Ct. 331, 334-35 (1983). The findings of the Commission’s hearing officer as adopted by the Commission are supported by substantial evidence and those findings do not show that the Commission committed an error of law in deciding that the appointing authority was reasonably justified in discharging Mclsaac.
The appropriateness of the sanction imposed by the Board is a matter on which reasonable minds may differ. Where, as here, a decision is supported by substantial evidence in the record, it is not arbitrary or capricious as a matter of law. Cherubino, supra at 359; Massachusetts Electric Co. v. Department of Public Utilities, 376 Mass. 294, 312 (1978).
III. General Laws Chapter 31, Section 41A
Finally, plaintiff contends that the Commission acted arbitrarily by not assenting to his request for a hearing before a disinterested hearing officer designated by the Chairman of the Commission in lieu of a hearing before The Board. G.L.c. 31, §41A states in pertinent part:
Upon the request of the appointing authority and a tenured employee, who is entitled to a hearing pursuant to the first paragraph of Section forty-one, a hearing before a disinterested hearing officer, designated by the chairman of the commission, may be held in lieu of a hearing before the appointing authority . . . (emphasis supplied).
The possibility of a hearing before a disinterested hearing officer is triggered when there has been a request both by the employee and by the appointing authority. Here only Mclsaac made a request. Moreover, even if the Board joins in a request, the statute does not grant plaintiff the right to a hearing before a disinterested hearing officer. Unlike “shall,” the word “may” is not a word of imperative obligation.
There is no independent right to a hearing, in the first instance, before a disinterested hearing officer. Wilson v. Brookline Housing Authority, 383 Mass. 878, 879 (1981) (bias on the part of members of appointing authority does not prevent authority from exercising power to remove employee); Mayor of Everett v. Superior Court, 324 Mass. 144, 151 (1949) (officers enjoy no immunity from termination simply because removing authority biased or prejudiced).
The denial of Mclsaac’s request for a hearing was not arbitrary in these circumstances. A full hearing was available to Mclsaac on appeal before the Commission, including a hearing before an administrative magistrate of the Division of Administrative Law Appeals, a disinterested person designated by the chairman of the Commission pursuant to G.L.c. 31, §43.
ORDER
For the foregoing reasons, it is hereby ORDERED that the decision of the Civil Service Commission is AFFIRMED.

 The court may only set aside an agency's decision “if it determines that the substantial rights of any party may have been prejudiced because the agency decision” was: (1) viola-tive of the constitution; (2) in excess of the authority of the agency; (3) based on an error of law; (4) made on unlawful *261 procedure; (5) unsupported by substantial evidence; (6) unwarranted by facts found by the Court on the record, in instances where the court is constitutionally required to make independent findings of fact; (7) arbitrary or capricious, or “otherwise not in accordance with the law.” G.L.c. 30A, §14(7)(a)-(g).

 Likewise, the court cannot interfere with an administrator’s imposition of a penalty unless there are “extraordinary circumstances.” Vaspourakan Ltd. v. Alcoholic Beverages Control Comm’n, 401 Mass. 347, 355 (1987), citing Levy v. Bd. of Registration & Discipline in Medicine, 378 Mass. 519, 528-29 (1979).